## TRAPP & HILL *vs.* MOORE & BORDER.

1. If, through mistake, a written agreement contains substantially more or less than the parties to it intended; or, if, from ignorance or want of skill in the draftsman, the object and intention of the parties, as contemplated by the agreement, is not expressed in the written instrument, by reason of the use of inapt expressions, equity will interpose, upon clear and satisfactory proof of such mistake, and reform the instrument, so as to make it conformable to the true intent of the parties.

2. But where the instrument speaks the true agreement between the parties, equity will not reform it because one or both of them may have mistaken its legal consequences.

3. Where a debtor executed a deed of trust to secure certain of his creditors and sureties and included in it certain notes on which one of the beneficiaries was supposed to be bound as surety, describing them as notes on which said beneficiary was security, under the belief that, if he was not bound, the misdescription would exclude the holder of them from any benefit under the deed, the deed was reformed in equity, upon proof of the mistake, and that the grantor intended to secure the said beneficiary only, and not the notes.

ERROR to the Chancery Court of Greene.

Heard before the Hon. W. W. MASON.

The bill in this case was filed by the defendants in error, to reform a certain deed executed by William S. Hill, one of the plaintiffs in error, to Border and Moore, to secure certain of the grantor's debts. The facts upon which the reformation of the deed is sought, appear in the opinion.

WM. M. MURPHY and J. D. WEBB, for plaintiffs in error:

The bill does not seek to reform the contract as it is set out in the deed, on account of fraud, accident or mistake in drafting the instrument, which are the cases in which courts of chancery will relieve against written instruments. The bill alleges that it was the intention of the grantor to secure Moore & Border, as his securities; that the desire to do that was the inducement for the grantor to make the deed. This statement is directly in conflict with the recitals contained in the deed, one of which is, after reciting various liabilities of the grantor, and particularly the notes held by Trapp : "Whereas, the said W. S. Hill is desirous to secure the payment of the said notes, bills of exchange and judgments," &c.

The bill seeks to set up a new contract, and not to reform the one written down by the scrivener. The bill says that it was agreed between the parties that, if it was found that Moore was not the security on the notes in the possession of Charles Wheeler, payable to Trapp, then they were not to be secured in the deed; the written contract, the deed, says, that the notes were to be paid; the scrivener says that the proviso was not omitted by accident, mistake or fraud, but because the parties held the legal opinion, that the notes would not be secured to be paid out of the trust funds, if Moore was not the security on them. It is true, that the parties made two mistakes; the one was as to the law, the other was as to Moore's being security for the payment of the notes; neither of which come within the rule that would give a court of chancery the power to correct the errors. As well might it be contended, that a mistake as to the market or intrinsic value of property conveyed in a deed, would be cause for a court

of chancery interfering to set aside the conveyance by which the title was passed. Larkins et al. v. Biddle et al., June term, 1852.

It was error to permit the complainants to introduce parol testimony, to show another and different contract to have been made by the parties at the time this writing was executed, without the allegation of either fraud, accident or mistake in the execution of the instrument. The allegation is of a mistake of the consideration, the value of the consideration that led to the contract. In the language of Judge Gaston, in the case of Parker v. Vick, 2 Dev. & Bat. Eq. 195, "parol evidence will not be admitted to show a parol agreement contradictory and varying from a written agreement made at the same time, when no reason is assigned why the latter was not incorporated into the former;" also, in the language of the Chancellor, in the case of Cheeswood v. Britton, 1 Greene's Ch. 438: "Whatever the contracting parties reduce to writing, must be considered as embodying their understanding at the time; but if by fraud, accident or mistake, the paper should not contain the agreement, it may be supplied." To the same point is Ward v. Ledbetter, 1 Dev. & Batt. Eq. 496: "Although parol evidence may be admissible to reform a written contract, yet it cannot be received to show that the written contract was not the one made."

The deed was made in good faith, each party possessing equal information, or at least equal means of acquiring knowledge, and neither having practiced towards the other any unfairness or deception. Juzan et al. v. Toulmin, 9 Ala. 694, 695, and pages cited in 1 Story's Eq. 125, 145, 146 to 164.

If there was any mistake in this case, it was a mistake in law; and equity will not relieve, unless the mistake was so gross and palpable as to superinduce the belief that some undue advantage was taken of the party, owing either to his imbecility of mind or the exercise of improper influence. Haden v. Ware, 15 Ala. 149, 159 and 160; 1 Story's Eq. §§ 113, 114 and 115.

This error or ignorance of law cannot be corrected, to the prejudice of the plaintiff in error, Trapp. 1 Story's Com. on Equity, page 155, note 3.

The deed was drawn in direct accordance with the inten-

tion and under the instructions of complainants, as is fully seen from the allegations of the bill and the testimony.

E. W. PECK, *contra:*

Where a written agreement contains more or less than the parties intended, or is variant from the intent of the parties, by expressing something substantially different, if the mistake is made out by satisfactory proof, equity will reform the contract, so as to make it conformable to the precise intent of the parties. O'Neal, Michaux & Thomas v. Teague & Teague, 8 Ala. 353; Whitehead, by next friend v. Brown, 18 Ala. 682; Paysant v. Ware & Barringer et al., 1 Ala. N. S. 160; Hair et al. v. LaBrouse, 10 Ala. 548; 1 Story's Eq. 164; Dupree v. McDonald, 4 Dess. Rep. 209.

CHILTON, C. J.—This was a bill filed by the defendants in error, to reform a deed made by Hill, one of the plaintiffs in error, to them, conveying certain property in trust for the payment of various demands against Hill, and on most of which Moore was security. The parties to the deed, after setting forth various demands, and stating how they were secured, proceed as follows: "And whereas, the said Hill is justly indebted in several small notes, amounting to about five hundred and fifty dollars, which notes now are, or were, in the possession of Charles Wheeler, on which notes William H. Moore is security; and whereas, the said Hill is anxious and desirous of securing the payment of the said notes," &c.

At the time of the execution of the deed, the parties differed as to whether Moore was bound as the security for Hill upon these notes, Moore himself insisting that he was; whereupon it was concluded to insert them in the deed, describing them as notes on which Moore was security, in order that he might be indemnified if it should turn out to be a correct description; but under a belief, and with the understanding, that if his name was not upon the notes, the misdescription would exclude the holder from any benefit under the deed. It is clearly proved, that the object was to indemnify Moore, and not to secure the payment of these notes, if he were not bound for their payment. The proof also establishes the

fact, that the parties deemed the words employed in the deed with reference to the claims would effect their object. In this consists the mistake which the bill proposes to rectify and reform, and which, by the decree of the Chancellor, was relieved against.

It is contended, in opposition to the decree, that the parties made no mistake in the execution of the contract, and that the deed is precisely as they intended to make it, but that the mistake, if any, consists in a misapprehension of the legal consequences of the provision which they inserted, and being a mistake in law, cannot be made the ground of relief in equity ; that, as the deed speaks truly the agreement between the parties, it cannot be reformed by setting up another agreement resting in parol, and which is opposed to the provisions of the written instrument.

To these propositions several cases are cited by the counsel for the plaintiffs in error, and they insist that this case falls directly under the principle asserted by this court in the case of Larkins et al. v. Biddle et al., 21 Ala. 252, 256.

Without impugning in the least the correctness of the authorities cited, when applied to the facts of the respective cases upon which the decisions were based, we believe the case before us is not brought within the influence of either of them.

It would subserve no valuable purpose, to swell this opinion by going into an examination of the numerous adjudications upon the subject; for they generally concur in this, that if, through mistake, a written agreement contains substantially more or less than the parties to it intended, or, from ignorance or want of skill in the draftsman, the object and intention of the parties as contemplated by the agreement is not expressed in the written instrument, by reason of the use of inapt expressions, upon clear and satisfactory proof of such mistake, equity will interpose and reform the agreement, so as to make it conformable to the true intent of the contracting parties. O'Neal et al. v. Teague, 8 Ala. 353; Clopton v. Martin, 11 ib. 187; Stone v. Hale, 17 ib. 557; Whitehead v. Brown, 18 ib. 682; Larkins et al. v. Biddle, *supra;* see, also, 2 Root's Rep. pp. 1, 78, 415; 6 Har. & Johns. 24, 500; 3 Conn. 146.

It is certainly true, as we said in Larkins et al. v. Biddle,

45

*supra*, where the instrument speaks the true agreement between the parties, equity will not reform it because one or both of them may have mistaken its legal consequences. For example, if, upon a sale of land, the vendor agrees to insert in the deed a covenant of seizin, and the vendee accepts a conveyance with such covenant only, although each of them may have supposed that such covenant was equivalent to a warranty of title, yet this supposition not entering into and forming a part of the contract, equity would not reform the deed; because it truly speaks the agreement, and to reform it so as to insert a covenant of warranty as to the title, would be to make a new and different contract between the parties. On the other hand, suppose the vendor agrees to insert a covenant of warranty as to the title in the deed, and he covenants that he is seized in fee of the premises, the parties supposing that this amounts in law to a warranty of title, it is clear that equity would afford relief; for, in such case, the parties, through mistake, agree upon the use of terms which fail to express their intent, but express an entirely different thing from that contemplated by their contract. So that where the legal effect of the terms agreed upon by the parties to be employed in a written instrument, through a misapprehension or ignorance of their import, results in a contract different from that really entered into by them, the court of equity, in the exercise of its moral jurisdiction, will reform it. The court looks to the intent of the parties, and sees nothing so sacred in the inapt expressions which their unskillfulness has introduced into the agreement, as to compel a disregard of the real contract when clearly made out.

In the case before us, Moore was mistaken in the fact as to his being a surety on the note, and this mistake of fact is shown to be the reason why this claim was inserted in the deed; and in the next place, the parties were mistaken in the fact that the language employed would exclude the notes from the deed, if he were not so bound; or, perhaps it would be more correct to say, they mistook the legal effect of the language employed by them; yet, as this effect violates the contract, it falls within the principle above laid down.

The condition of the parties has not been so changed by the mistake, or by any act performed in consequence of it, as

to deprive the court of the power to rectify it. The holder of the notes, when excluded from the benefit of the provision in the deed, will be in no worse condition than if his claims had not been mentioned. There was, therefore, no valid objection to the interposition of the Court of Equity to correct the mistake, and to give effect to the contract entered into between these parties, and which the agreement failed to express.

Let the decree be affirmed.