# Guilmartin *v.* Urquhart.

*Bill in Equity for Reformation of Conveyance.*

1. *Reformation of written instrument, on ground of mistake.* — To authorize the reformation of a conveyance, or other written instrument, on the ground of mistake, the evidence must show clearly and satisfactorily, not only that the writing does not truly express the intention of the parties, but also what they intended it should express.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 5th March, 1886, by William Urquhart and others, heirs at law of Henry S. Urquhart, deceased, against Minnie Guilmartin and her husband, John F.; and prayed the reformation of a conveyance of a tract of land, which the defendants had executed to said Henry S. Urquhart in his life-time, by correcting the description of the property, and an injunction of an action at law, which Mrs. Guilmartin had brought to recover the possession of the lot which, according to the

[Guilmartin v. Urquhart.]

allegations of the bill, was intended to be conveyed. The conveyance of which a reformation was prayed, and a copy of which was made an exhibit to the bill, was dated October 24th, 1882, and was in form a quit-claim deed. The property conveyed was a lot in Troy, "known as the Beasant Holly lot, bounded on the north and west by a vacant lot of Ira Hobdy, on the *west* by street leading to Union Springs, and on south by lot of said H. S. Urquhart;" the consideration, as recited, being one dollar. The bill alleged that the lot intended to be conveyed was situated on the *east* side of the street leading to Union Springs, and asked a correction of the deed in that particular. An answer to the bill was filed by Mrs. Guilmartin, admitting her signature to a written instrument in the form of a quit-claim deed, which was without date, and alleging that the instrument had since been materially altered; alleging, also, that she was under twenty-one years of age when she signed the paper, that the *Beasant Holly* lot belonged to her as sole heir of said Holly, that she never intended to convey it by said instrument, and that the instrument was without any consideration.

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainants; and his decree is now assigned as error.

GARDNER & WILEY, for appellants.

PARKS & SON, *contra*.

STONE, C. J.—To authorize the reformation of a contract which has been reduced to writing and signed, the proof must be clear, exact, and satisfactory,—first, that the writing does not truly express the intention of the parties—that on which their two minds had agreed; and, second, what it was the parties intended the writing should express.—*Alexander v. Caldwell*, 55 Ala. 517; *Campbell v. Hatchett, Ib.* 548; *Turner v. Kelly*, 70 Ala. 85; *Berry v. Sowell*, 72 Ala. 14. But chancery will not add to a contract a term or stipulation, unless it is shown the parties intended it should be inserted.—*Clark v. Hart*, 57 Ala. 390.

The reformation sought in this case is an alteration of the description of the lot of land, which the bill alleges it was the intention of the parties to convey. The answer denies all intention to convey any property, and there is not a semblance of testimony that the grantors intended to convey, or thought they were conveying, the lot which the bill avers it was their intention to convey. Without

[Wheat v. Fuller.]

noticing any other ground, the bill must fail for want of proof.

The decree of the chancellor is reversed, and a decree here rendered dismissing complainants' bill. Let the costs of the suit be paid by the complainants.