# Burnell v. Morris *et al.*

*Bill in Equity to reform Deed.*

1. *Reformation of deed; insufficiency of evidence.*— To authorize the reformation of a written instrument, the proof must be clear, exact and convincing; and when on a bill filed by the grantor to have a deed reformed by striking out the covenants of warranty, the complainant's evidence is that he employed an attorney to foreclose the mortgage under which the land was sold and to prepare a deed to the purchaser, and upon its preparation, supposing that it only contained a conveyance of his interest as mortgagee, he signed it without reading it over and without knowing it contained covenants of warranty, and the testimony of his attorney was that the insertion of the covenants of warranty was through his inadvertence, the proof is insufficient to authorize the reformation prayed for, when the defendant grantee testifies that she purchased the land upon the express understanding with the grantor that he could and would make her a perfect title, and her testimony is corroborated by other evidence to the effect that the grantor admitted that he agreed to make the grantee a warranty title and knew that he had executed such a deed to her.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOMAS COBBS.

The facts of the case are sufficiently stated in the opinion.

[Burnell v. Morris *et al.*]

Bowman & Harsh, for appellant.—Courts of equity do not grant the high remedy of reformation upon a probability, nor upon a mere preponderance of evidence, but only upon a certainty of the error.—Pomeroy's Eq. Jur. (2d ed.), § 859 note 2; *Dexter v. Ohlander,* 95 Ala. 468; *Campbell v. Hatchett,* 55 Ala. 548; *Guilmartin v. Urquhart,* 82 Ala. 570; *Berry v. Sowell,* 72 Ala. 14; 1 Story Eq. Jur., § 152. The mistake must be mutual. *Turner v. Kelly,* 70 Ala. 90. Mistake must be in inserting or leaving out words contrary to intention of parties at the time and not merely contrary to what they might or would have done in the light of subsequent developments.—*Turner v. Kelly,* 70 Ala. 90.

Houghton & Collier, *contra.*—That an instrument in which an error is shown to have crept, as conclusively as the evidence in this case shows that the warranty clause was incorporated by mistake in the deed for the property sold at mortgage sale, even though drawn by the actor will be reformed, is well settled in this State. *Larkins v. Biddle,* 21 Ala. 252; *Hemphill v. Moody,* 64 Ala. 468; *Kinney v. Ensminger,* 87 Ala. 340.

COLEMAN, J.—Abel Burnell executed a mortgage upon a certain parcel of land in which his wife, Ellen Burnell joined, to Wm. Morris to secure the payment of a debt due the mortgagee. After the death of Abel Burnell the mortgage was foreclosed by a power of sale, and at the sale Ellen Burnell became the purchaser. The mortgagee William Morris executed a deed to Ellen Burnell, the purchaser, with general covenants of warranty as to title. The purchaser having surrendered possession to a superior title, sued William Morris for a breach of the covenants of warranty in the deed in a court of law, and recovered a judgment against him.

William Morris then filed the present bill, the purpose of which was to reform the deed of conveyance, so as to strike out the covenants of warranty, and to make it a conveyance of only such title and interest as was vested in him by the mortgage, and to enjoin the enforcement of the judgment. At final hearing the chancery court granted the relief as prayed.

The evidence of complainant shows, that he employed an attorney to foreclose the mortgage for him, and to

prepare a deed to the purchaser, and that he signed the deed without reading it over or having it read to him; that he supposed it contained a conveyance of his interest as mortgagee; that he did not know it contained covenants of general warranty, until long afterwards when he was informed by one Shugart, who claimed the lot by a superior title. The attorney testified that the mistake was committed by him through inadvertence. The testimony for the respondent, tends to show, that before the foreclosure, William Morris inquired of her if she wished to purchase the property, that she had no money, that the miners and some friends, made up a fund for her, and that she agreed with Morris, if he would make her a good and perfect title that she would buy the property; that Morris afterwards returned and informed her that he had consulted a lawyer and that he could make her a perfectly good title and would do so, and with this understanding she agreed to purchase the property at the sale. She introduced other evidence to the effect that Morris admitted he had agreed to make her a warranty title, and knew he had executed such a deed to her.

The measure of proof required to authorize the reformation of a written instrument, is that the ''proof must be clear, exact and convincing,'' ''clear and satisfactory.''—*Ohlander v. Dexter*, 97 Ala. 476; *Guilmartin v. Urquhart*, 82 Ala. 570; *Trapp v. Moore*, 21 Ala. 697. Apply this test to the evidence in the present case, and we are forced to the conclusion that complainant has not come up to the requirements, to entitle him to relief. Why should the purchaser have been compelled to pay anything more than the amount secured by the mortgage? We are of opinion the court erred in the decree rendered.

A decree will be here rendered, dissolving the injunction, and dismissing complainant's bill.

Reversed and rendered.