# Mitchell v. Capital City Insurance Co.

*Bill in Equity to correct and reform Insurance Policies as to Date.*

1. *Bill to correct and reform insurance policies; burden of proof and weight of evidence.*—On a bill filed by an insured to correct and reform policies as to their dates, the burden is on the complainant to show by clear, exact and convincing evidence that the policies do not truly state the real date of their issuance; and when the complainant's evidence as to the exact days of their issuance is founded upon inference or presumption, and not upon accurate knowledge, the relief prayed for can not be granted, and the bill should be dismissed.

APPEAL from the Chancery Court of Montgomery.

Tried before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on February 26, 1892, by the appellant, S. M. Mitchell, against the appellees, The Capital City Insurance Company and the Merchants & Planters Insurance Company, to reform policies of insurance which had been issued by the respondents.

The facts of the case are sufficiently stated in the opinion.

Upon the submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for, and dismissed the bill. Complainant appeals, and assigns this decree as error.

SAYRE & PEARSON and CHARLES WILKINSON, for appellant.

J. M. FALKNER, contra:

COLEMAN, J.—The purpose of the bill is to reform and correct two several policies of insurance as to their dates. The policies bear date 20th of December, 1889, and by their terms expire 20th December, 1890. The storehouse and goods insured were destroyed by fire on the 22d of December, 1890, two days after the expiration of the policies, according to the period expressed in the policies. The bill avers that the policies were in fact issued on the 28th day of December, 1889, and prays that they be corrected and reformed so as to express the correct date.

There are no new questions of law involved, and the case is one of evidence. The burden was on the complainant to show by evidence, that was "clear, exact and convincing", "clear and satisfactory," that the policies do not truly state the facts.—*Ohlander v. Dexter*, 97 Ala. 476; *Guilmartin v. Urquhart*, 82 Ala. 570; *Trapp v. Moore*, 21 Ala. 697; *Burnell v. Morris*, 106 Ala. 349.

Complainant and one Loeb were examined in support of the bill. Complainant testifies that he applied for a policy on the 20th of December, 1889, but that the respondent refused to issue a policy until he had furnished a diagram showing the relative location of the storehouse, and an invoice of the goods, and that he fowarded these (we presume by mail) on the 27th of December. He infers they were received on the 28th, and presumes, therefore, the policies were issued on that day. The evidence of the witness Loeb is hardly as definite as that of complainant. For the respondent, the witness Dowdell testifies that complainant applied for insurance for the sum of nineteen hundred dollars on his storehouse and merchandise; that not being willing to carry more than half the amount in the Capital City Insurance Co., at the instance and request of Mr. Mitchell, he procured the additional insurance, through Messrs. Trimble & Co., in the Planters & Merchants Insurance Company of Mobile; that he drew up one application and Ellsberry drew up the other; that a diagram of the house was furnished at the time, which was attached to the application; that Mr.

Mitchell stated he did not know the amount of stock of goods on hand, but he knew there was over three thousand dollars, and this amount was inserted in the policy, and the policies were issued on that day. The complainant left instructions to turn the policies over to Loeb for him, and this was done some time in January, by whom they were forwarded to complainant, in whose possession they had remained ever since. The applications dated December 20th with diagram attached, signed by complainant, were in evidence. We do not doubt that if the storehouse and goods had been destroyed on the 25th of December, 1889, with the evidence before us in this record, it would fix a liability upon the respondent for the loss. Certainly the evidence for complainant falls far short of that required to correct and reform a written instrument.

Affirmed.