## HOLMAN *v.* VIEIRA ET AL.

No. 2859

July 2, 1931.                                                    300 P. 946.

*N. J. Barry*, for Appellant:

*John S. Sinai*, for Respondent:

## OPINION

By the Court, DUCKER, J.:

This is a suit in equity for the reformation of a deed. The amended complaint alleges in part: That John J. Vieira is the owner of lots 3, 4, 5, and 6, in block 8, Morrill Smith's addition to the city of Reno, county of Washoe, State of Nevada; that plaintiff is the owner of lots 9, 10, and 11 in said block; that on or about the 26th day of January, 1926, defendant Vieira sold to plaintiff said lots 9, 10, and 11 now occupied by her as a dance hall and residence; that, previous to the time said sale was made, defendant by oral agreement and understanding gave plaintiff a right of way from Fourth Street to her said premises; that said right of way had been in existence for over twenty years and the said dance hall and residence had been in existence and operated by defendant Vieira for a number of years and before the land was sold to plaintiff; that said right of way extends from lots 9, 10, and 11 in block 8 to the southerly line of Fourth Street and across a portion of defendant's above-described property; that defendant Vieira represented to plaintiff that the permanent right of way would exist to the said property; that said property would not have been purchased had she not relied upon the said representations and agreement by said defendant Vieira affecting the right of way; that at the time he executed and delivered to plaintiff the deed to said property he well knew that the description contained in said deed did not include the said right of way. Here follows a legal description of the right of way and other allegations, among which are averments of fraud practiced by defendant Vieira upon plaintiff, and injury and damages sustained by her.

In the prayer of the amended complaint it is asked among other matters that the court make an order that the deed of conveyance executed by defendant to plaintiff be reformed and corrected according to the real intent of the parties; that, when so reformed said deed

should convey the right of way described as fully as if the same had originally been described therein; that said defendant Vieira, within thirty days after the entry of said order and judgment and service upon him of a notice of entry thereof, execute and deliver to plaintiff a deed of said premises conforming to said order and judgment; that, in case of his failure so to do, the title to said premises pass from him to and vest in plaintiff in fee simple, as fully as if property conveyed in said deed.

A demurrer to the amended complaint for insufficiency of facts was overruled, and defendant answered. The case was tried by the court sitting without a jury. All of the allegations of the amended complaint were found to be true except as to damages. Judgment was rendered in favor of plaintiff as prayed for except as to damages. Defendant Vieira has appealed from the judgment and order denying his motion for a new trial. We will hereinafter refer to the parties as plaintiff and defendant.

■ It is well settled that courts of equity will enforce parol agreements respecting the sale of lands in cases of mistake or fraud, and in furtherance of this end will reform deeds and other written instruments. This rule has been recognized and applied in this state for over half a century. Ruhling v. Hackett, 1 Nev. 360; Wainwright v. Dunseath, 46 Nev. 361, 211 P. 1104.

■ But it is equally well settled that a court will administer this high equitable remedy only in a clear case.

■ Before a court of equity will declare that such a parol agreement creates an obligation and confers a remedial right not within the statute of frauds it will require cogent proof. 23 R. C. L. 309. The decisions which support this proposition are numerous. Not only must the mistake or fraud be so proven; the precise terms of the oral agreement claimed must be made equally clear. If the terms of the previous agreement claimed are not definitely established by the evidence,

a court of equity will refuse to decree a reformation of the written instrument. Guilmartin v. Urquhart, 82 Ala. 570, 1 So. 897; Slobidisky v. Phenix Ins. Co., 52 Neb. 395, 72 N. W. 483; Bishop v. Clay Ins. Co. 49 Conn. 167; 23 R. C. L. p. 310.

■ Putting aside other objections of defendant and applying the foregoing rule to the evidence in this case, we are convinced that the evidence fails to show such a definite parol agreement between the parties as to authorize the judgment of the trial court reforming the deed.

Defendant in his testimony denies that he agreed to give or grant a permanent right of way across lots 4 and 5 in said block 8 or at all. Be that as it may, it nowhere appears from the evidence that he agreed to convey a right of way as described in the complaint and judgment. The right of way as so described, while somewhat narrower at the bridge across a ditch, is about 46 feet wide at one end and about 40 feet wide at the other. It includes the major part of said lot 4 and a portion of the southwest corner of said lot 5. Plaintiff testified that she had set up in her complaint such description of the right of way and that as far as she knew it was a proper description. But she did not testify that defendant had agreed to convey this particular tract of land as the right of way, nor are there any facts in the record from which it is made to appear that the defendant agreed to this particular tract of land.

When asked by her counsel at the time as to what her conversation with defendant was regarding the right of way, she answered: "That I was buying the whole business clear to Fourth Street." Again she said that he said that the right of way went with the premises and that it had been open for twenty-one years. But at no time did she testify to anything from which it could be inferred that his idea of what constituted the right of way was the same as her understanding of it. So far as appears to the contrary, he may have considered the right of way to be no wider than was necessary

for an automobile or wagon to pass over; yet the trial court on such an indefinite state of the evidence awarded her a tract of land almost as large as an entire 50-foot lot and through the heart of his property. She testified that she put a fence along the right of way on the west side to where it runs into the alley between her property and his, graveled it, and filled it in and fixed the bridge, and that defendant was present when the gravel was filled in on the right of way. Whether she meant she had gravel placed over the entire width of the right of way as described in the complaint and that defendant was a witness to all of this improvement is not clear. Anyhow, this kind of testimony is altogether too indefinite either alone or considered in connection with the other testimony mentioned to establish the allegation of the complaint as to the right of way.

The judgment is reversed.

### ON PETITION FOR REHEARING

September 1, 1931.

*Per Curiam:*

Rehearing denied.