WELLS CARGO, INC., A NEVADA CORPORATION, APPELLANT, v. DODGE CONSTRUCTION, INC., A NEVADA CORPORATION, RESPONDENT.

No. 4411

November 10, 1961          366 P.2d 90

*Goldwater and Singleton,* of Las Vegas, for Appellant.

*Diehl & Recanzone,* of Fallon, for Respondent.

# OPINION

By the Court, THOMPSON, J.:

The parties will be referred to as Wells and Dodge. Dodge commenced an action against Wells in the district court to recover the sum of $8,750 alleged to be the balance due for the construction of a portion of the state highway in Elko County.

The State Highway Department had awarded Wells a contract for the construction of a 12-mile highway. Wells sold the job to Dodge. Dodge fully performed the contract to the satisfaction of the State Highway Department, and all of the provisions of the sale of the contract had been performed by both Wells and Dodge, except for a dispute between them over the amount of money due Dodge for a certain 88,000 cubic yard rock cut which was a part of the project. Their agreement as to this matter was oral, and when the time came for distribution of money received by Wells from the state, the representatives of the two companies who had made the agreement differed as to its terms.

Dodge's version of the agreement is contained in a letter to Wells, and is to the effect that Wells could withhold an additional $10,000 upon completion of the work "if the 88,000 cubic yard rock cut on the job rips out." The term "rips out" refers to the movement of earth

and rock by earth-moving equipment alone, as distinguished from drilling, blasting, and then the use of such equipment, the latter being more expensive.

Witnesses for Dodge testified that the quoted language meant that Wells could withhold the $10,000 only if the *entire* 88,000 cubic yard cut ripped out; that if *any* drilling and blasting were required, Wells must disburse that sum to Dodge. On the other hand, witnesses for Wells testified that the oral understanding was that it could withhold $10,000 unless there were *substantial* drilling and blasting required. Both sides agree that (a) if no drilling and blasting were required Wells could withhold the $10,000; (b) if the entire cut required drilling and blasting Wells would have to pay over the $10,000 to Dodge; and (c) that no understanding was reached as to apportionment of the $10,000 in the event part of the cut was rippable and part required drilling and blasting.

There is no conflict as to what actually occurred—97 percent of the cut was rippable and 3 percent thereof required drilling and blasting before the earth-moving equipment could be used. The true cost of the 3 percent which required drilling and blasting is not clearly shown, though one witness thought that $2,500 might be a fair figure. In any event, Wells voluntarily paid over to Dodge $1,250 for that work, apparently believing that amount to be fair compensation.

The lower court entered judgment for Dodge in the amount of $8,750, representing the balance of the $10,-000 which Wells had withheld. Though the findings of fact do not set out the terms of the oral agreement, the trial judge in deciding the case orally expressed his views. He said that Dodge's contentions were supported by the evidence; that the cut was not rippable; that drilling and blasting was required; and that the amount of drilling and blasting done was substantial.

On appeal, Wells assigns three errors: 1. Error of the trial court in predicating its decision on the wording of the said letter because that writing was not assented to by Wells. Though it is true that the trial

court indicated the crux of the case to be the phrasing of the letter as hereinbefore quoted, it is apparent that all evidence was considered in arriving at its decision. We have already pointed out that the court believed the evidence to show that the cut was not rippable, and that the blasting done was substantial rather than minimal. Those determinations were not made because of the phrasing of the letter but were, instead, made as the result of other evidence introduced during trial. Therefore, the assumption that the decision was based upon the letter alone is incorrect, and we find no merit in this assignment of error.

2. Error of the trial court in finding the cut "not rippable" because the parties contracted on the basis of the cut being "substantially rippable." Again, appellant Wells has made an unwarranted assumption. The only reason for making the agreement was the probability that some drilling and blasting would be required to complete this portion of the job, and the parties wanted to provide compensation for the increased cost to be incurred in such event. Had they believed the cut to be rippable, there would have been no need for the agreement that was made. It is clear, therefore, that the agreement concerned the drilling and blasting requirements of the job rather than the rippable portion thereof. Accordingly, we find this assignment of error to be without foundation.

3. Error of the trial court in finding that the drilling and blasting done was substantial. Regarding this claimed error, it should first be noted that there is evidence to establish that the cost of drilling and blasting 3 percent of the 88,000 cubic yard rock cut was substantial in relation to the $10,000 agreed compensation. As before stated, a witness testified that the sum of $2,500 would approximate the actual cost. Therefore, the lower court's view in this regard is supported by substantial evidence. Accordingly, in the light of this finding, even had the court below accepted the meaning of the oral agreement contended for by Wells, we would have to affirm the judgment entered.

It is evident from the entire record that the amount

of drilling and blasting to be required, if any, was not known to either Dodge or Wells when the oral agreement was made. Each had an opinion, the accuracy of which could not be known until the work was completed. They agreed upon the sum of $10,000 as a fair price to be paid for the additional cost of drilling and blasting, realizing that the actual cost thereof might either exceed or be less than that amount. Indeed, counsel agree that, had the actual cost exceeded $10,000, Dodge would have to stand the loss. By the same reasoning, if the actual cost were less than that sum, Dodge should be entitled to the profit. Having bargained on that basis, and having assumed the results of the "gamble," each party must be bound thereby.

Judgment affirmed.

BADT, C. J., and McNAMEE, J., concur.