AUGUSTINE A. AJA AND JUDITH A. AJA, HIS WIFE, APPELLANTS, v. ALDACE E. APPLETON AND JUANITA M. APPLETON, HIS WIFE, APPELLANTS–RESPONDENTS, v. TITLE INSURANCE AND TRUST COMPANY, RESPONDENT.

No. 6105

July 24, 1970            472 P.2d 524

*Gordon W. Rice,* of Reno, for Appellants.

*Sanford, Sanford & Fahrenkopf,* of Reno, for Appellants-Respondents.

*Diehl, Recanzone & Evans,* of Fallon, for Respondent.

# OPINION

By the Court, MOWBRAY, J.:

Aldace E. and Juanita M. Appleton commenced this action in the district court to reform a deed to real property that they had conveyed to Augustine A. and Judith A. Aja, so that the deed would properly describe the property that the Appletons

had agreed to sell and the Ajas had agreed to buy. The record is crystal clear, and all parties concede, that the description of the property in the deed was erroneous in that it included an additional 1½-acre parcel of noncontiguous real property owned by the Appletons but which was not included in the Appleton-Aja sale. The Appletons also named the Title Insurance and Trust Company as a party defendant, seeking damages for Title's alleged negligence in preparing the deed. The Ajas answered the complaint by asserting various affirmative defenses and cross-claiming against Title for breach of Title's insurance policy issued to the Ajas. All parties moved for summary judgment. The district judge ruled in favor of the Appletons and against the Ajas and ordered the deed reformed to describe the property that the parties had intended to convey, and the court denied both the Appletons' and the Ajas' claims against Title. We affirm in toto the order granting summary judgment.

1. *The Facts.*

The Appletons owned two noncontiguous parcels of real property in Fallon, Nevada. Parcel A consisted of approximately 2½ acres and Parcel B, 1½ acres. The owners were desirous of selling both parcels, and they engaged Elmer C. Weishaupt, a Fallon realtor, for that purpose. Mr. Weishaupt placed for sale signs on each parcel. He was contacted by the Ajas, who indicated an interest in Parcel A. Mr. Weishaupt drove the Ajas to Parcel A so that they could inspect the property. They were never on Parcel B, nor was that parcel ever discussed during the negotiations for and sale of Parcel A. The parties eventually agreed on terms for the sale of Parcel A. Mr. Weishaupt prepared a sales contract that all parties signed. In that contract he described the property as, "The Mr. and Mrs. Appleton property on Alcorn Road Containing two and one half (2-1/2) acres more or less." Mr. Weishaupt delivered the signed sales contract to Title and opened an escrow to consummate the sale.

Title prepared the escrow instructions, and all parties signed. In the escrow instructions a law firm in Fallon was designated to prepare the deed. The description of the property to be conveyed was attached on a separate sheet to the escrow instructions, and it is this description that included both parcels.[1] No one—the attorneys, Title, nor the parties—discovered the mistake until several months after the deed was

---

[1] Title had evidently taken the description from a previous title policy issued to the Appletons when they had purchased both parcels from the previous owner.

recorded. The Ajas were requested to quitclaim Parcel B to the Appletons. Although the Ajas conceded the description was in error, they refused to quitclaim, and this litigation resulted.

2. *The Appleton-Aja Claims.*

The Ajas argue that summary judgment in favor of the Appletons and against them was improper because both Mrs. Appleton (who was a real estate broker) and Mr. Weishaupt, the Appletons' broker, were negligent in failing to detect the error in the deed prior to recordation. This position is without merit under the facts presented. While there is authority that the negligence of a party who seeks reformation may bar him from that remedy, such cases hold that the negligence must result in detriment to the other party. See Blake v. Black Bear Coal Co., 141 S.W. 403 (Ky. 1911); Tuloma Pipe & Supply Co. v. Townsend, 77 P.2d 535 (Okla. 1938). Further, it has been repeatedly held that the failure of a party to detect a faulty description in an instrument is not sufficient negligence to preclude reformation. Good v. Lindstrom, 181 P.2d 933 (Cal.App. 1947); Mills v. Schulba, 213 P.2d 408 (Cal.App. 1950); Lister v. Sorge, 67 Cal.Rptr. 63 (Cal.App. 1968); Maland v. Houston Fire & Cas. Ins. Co., 274 F.2d 299 (9th Cir. 1960); Taylor v. Lindenmann, 235 N.W. 310 (Iowa 1931); Annot., 81 A.L.R.2d 7 (1962); Restatement of Contracts §§ 504, 508 (1932).

Our court has spoken on the issue in Roberts v. Hummel, 69 Nev. 154, 158, 243 P.2d 248, 250 (1952):

"It cannot be questioned at this late date that a court with equity powers (the district courts of this state have such powers) may reform a written instrument where it appears that there has been fraud, accident or mistake which has brought about a writing not truly representing the actual agreement of the parties."

Further, in Lattin v. Gray, 75 Nev. 128, 335 P.2d 778 (1959), the plaintiff who sought reformation had erred in that both the escrow instructions and the deed to the grantee had misdescribed the property and conveyed more than was intended. Although it was apparent that the grantor was negligent in failing to detect the misdescription (as is true in all reformation cases of this type), the court nevertheless held that reformation was proper even as to two subsequent grantees who took with notice of the mistake.

See also Ray v. Robertson, 55 Nev. 397, 36 P.2d 76 (1934); Wainwright v. Dunseath, 46 Nev. 361, 211 P. 1104 (1923); Wilson v. Wilson, 23 Nev. 267 (1896).

Summary judgment in favor of the Appletons and against the Ajas was proper in the instant case. Mutual mistake was admitted. Under the weight of authority there was no negligence on the part of the Appletons as a matter of law, and they were entitled to reformation of their deed.

3. *Title's Liability.*

A. The Ajas' Claim.

The Ajas have attempted to hold Title liable in damages on the theory that Title breached its contract of title insurance that Title had issued to the Ajas. Such a position is wholly untenable. The Ajas conceded that they never intended to purchase Parcel B. They have suffered no loss because of the order decreeing reformation. Recovery is impossible, since compensable damages are nonexistent. See Garrison v. St. Louis & S. F. Ry Co., 271 P.2d 307 (Kan. 1954); Rosendahl v. Lesourd Methodist Church, 412 P.2d 109 (Wash. 1966).

B. The Appletons' Claim.

The Appletons' claim for damages also is without merit, since the Ajas' wrongful refusal to rectify an admittedly mistaken conveyance was the proximate cause of damage, if any, to the Appletons.[2] Summary judgment was proper.

The judgment of the lower court is affirmed.

ZENOFF, BATJER, and THOMPSON, JJ., and GEZELIN, D. J., concur.

---

[2]The Appletons did seek damages from the Ajas in the court below, which the district judge denied in his order for summary judgment. Since the Appletons did not appeal from that part of the order, we may not consider it in this appeal.