BETTY J. TARRANT, Appellant, *v.* VERDUN  H. MON-
SON dba MONSON JEWELRY, Respondent.

No. 10807

December 3, 1980                                       619 P.2d 1210

*Evans & Bilyeu,* Elko, for Appellant.

*Goicoechea & DiGrazia,* Elko, for Respondent.

## OPINION

*Per Curiam:*

Appellant delivered a diamond engagement ring to respond-
ent jeweler for repairs. Respondent stated that the ring would
be fixed within two weeks. Appellant returned to respondent's
store on several occasions but respondent was unable to deliver

the ring. After several months, respondent admitted that he could not find the ring and offered to replace it. Appellant traveled to Salt Lake City, Utah and chose a replacement wedding set. Respondent asserted that the replacement set was worth approximately $450 more than appellant's original ring. However, respondent did agree that appellant could have the set of her choice as a replacement.

Six months later, respondent found appellant's ring in his safe. Respondent discovered that he had mislabeled the envelope in which the ring had been stored. Upon his discovery, respondent informed appellant and offered to exchange the rings. Appellant stated that she would exchange the rings if respondent would also give her a pair of diamond earrings. Respondent refused and later commenced a suit in equity to rescind the replacement agreement and to recover the repair cost.

After a trial on the merits, the district court ordered rescission of the replacement contract since it reasoned that the contract was based upon a mutual mistake of fact. This appeal followed.

Appellant contends that the district court erred when it found that the replacement contract was based upon a mutual mistake of fact. We agree. We have held that a mutual mistake of fact may void a contract, *see* Miller v. Thompson, 40 Nev. 35, 160 P. 775 (1916), and a mutual mistake is a basis for an equitable rescission of a contract, *see* Allenbach v. Ridenour, 51 Nev. 437, 279 P. 32 (1929). However, under the facts of this case, a mutual mistake did not occur. In this field, a mistake is a state of mind not in accord with the facts. Restatement of Restitution § 6 (1937). One who acts, knowing that he does not know certain matters of fact, makes no mistake as to those matters. If a person is in fact aware of certain uncertainties a mistake does not exist at all. *See* Dobbs, Remedies § 11.2 (1973). *See also* Restatement of Restitution § 6, comment c (1937). *Cf.* Prince v. Friedman, 42 S.E.2d 434 (Ga.1947) (lack of knowledge or ignorance of a fact is not the same as mistake). One who is uncertain assumes the risk that the facts will turn out unfavorably to his interests. *See* Dobbs, *supra. See also* Wells Cargo v. Dodge Construction, 77 Nev. 425, 366 P.2d 90 (1961).

In the case at bar, respondent knew that appellant's ring was lost and bargained upon that basis. At the time the replacement contract was formed, there was uncertainty as to the loss and

there was the possibility that the ring would later be found. Respondent neither investigated further, nor provided for the possibility that the ring might later be found. By the agreement appellant gave up her claim for damages against respondent and respondent retained his good name as a jeweler in the community. Under these circumstances, the subsequent discovery of the ring does not necessarily give rise to a suit for rescission. *Cf.* Holmes v. Payne, (1930) 2 K.B. 301 (rescission denied when a replacement agreement for lost necklace had been formed and necklace subsequently found). *But see* State Sav. Bank v. Buhl, 88 N.W. 471 (Mich. 1901) (rescission allowed when lost article recovered on following day).

Since respondent at time of agreement knew that the ring might later be found, respondent bargained with conscious uncertainty and not under a mistaken belief. Respondent assumed the risk that the facts would turn out unfavorably to his interests. Rescission is not available in such instances.

Reversed.