REALTY HOLDINGS, INC., a Nevada Corporation, Appellant, v. NEVADA EQUITIES, INC., a Nevada Corporation, NATIONAL EQUITIES INC., a New York Corporation, and NEI CORPORATION, a Delaware Corporation, Respondents.

No. 11452

September 30, 1981                                    633 P.2d 1222

*Steffen & Simmons,* Las Vegas, for Appellant.

*Deaner, Deaner & Reynolds,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant filed a complaint against respondents, seeking restitution of an amount allegedly overpaid on a contract under a mutual mistake of fact. The district court granted summary judgment in favor of respondents, concluding that appellant was asking the court to rewrite the contract in dispute, and that the amount in contention was de minimis. This appeal followed.

Appellant and respondents negotiated a multimillion dollar contract to purchase the assets of several corporations. As part of the transaction, appellant Realty Holdings, Inc., purchased all the capital stock of Nevada Realty Corporation, thereby acquiring all of the corporation's assets and liabilities. One of the assets was a note receivable which both parties believed had a value of $683,377, but which had an actual value, at the time of the transaction, of $619,517, because of a reduction provision of the note which had been activated by an increase in taxes. Both parties in this appeal concede, and the district court found on uncontradicted evidence submitted by both parties on the motion for summary judgment, that "all parties mistakenly believed" that the note had a firm balance of $683,377 when the contract was entered into and at the close of escrow for the transaction. The material submitted by respondents in support of their motion for summary judgment (including the affidavit of the president of respondent Nevada Equities, Inc.) further conceded that the parties based the purchase price on the difference between the stated assets of the corporation and its stated liabilities, and that if the actual balance of the note had been known at the close of escrow, the purchase price would have been adjusted accordingly.

Appellant contends that a mutual mistake of fact as to the balance of the note has been shown. We are constrained to agree. A mutual mistake is "a mistake reciprocal and common to both parties, when each alike labored under the same misconception in respect to the terms of the written agreement." Wilson v. Wilson, 23 Nev. 267, 273, 45 P. 1009, 1010 (1896); *see also* Tarrant v. Monson, 96 Nev. 844, 619 P.2d 1210 (1980). We have held that:

> It cannot be questioned at this late date that a court with equity powers (the district courts of this state have such powers) may reform a written instrument where it appears

that there has been fraud, accident or mistake which has brought about a writing not truly representing the actual agreement of the parties.

Roberts v. Hummel, 69 Nev. 154, 158, 243 P.2d 248, 250 (1952) (citations omitted); *see also* Smart v. Valencia, 49 Nev. 411, 248 P. 46 (1926). Under the circumstances of this case, we conclude that the total contract price was based upon a mutual mistake of fact as to the balance of one of the stated assets, and that appellant is entitled to reformation of the contractual purchase price and restitution of the excess amount, $63,860, paid to respondents. *See* Restatement of Restitution, § 21, comment (a) (1937). The conceded negligence of appellant does not bar reformation based upon mutual mistake. *See* Aja v. Appleton, 86 Nev. 639, 472 P.2d 524 (1970) (deed to real property); *see also* Fraass Surgical Mfg. Co., Inc. v. U.S., 571 F.2d 34 (Ct.Cl. 1978).[1]

Appellant also seeks to recover $8,381.75 incurred as refinancing costs for the subject note. It is evident from the record that, although the refinancing provision of the note was activated by the reduced balance of the note which had occurred at the time of the transaction at issue here, the refinancing did not take place until after the close of escrow, and thus the cost of the refinancing was not certain at the time the contract was entered into. A party must show what the actual agreement of the parties was in order to be entitled to reformation. *See* Aja v. Appleton, *supra;* Holman v. Vieira et al., 53 Nev. 337, 300 P. 946 (1931). Nothing in the record before this court indicates what the agreement of the parties would have been with respect to this amount, which was not certain and thus would have been susceptible to bargaining, at the time the contract was entered into. As to this amount, summary judgment in favor of respondents was proper.

The trial court concluded that the amount at issue here was de minimis in a multimillion dollar contract. While the materiality of the amount sought with respect to the total contract price is a consideration in a suit for rescission of the entire contract, *see* Canepa v. Durham, 62 Nev. 417, 153 P.2d 899 (1944), no such relief is sought here. We have been cited to no case in which an amount in excess of $60,000 was found to be

[1]We express no opinion as to whether a degree of negligence greater than the simple negligence found in this case would bar such relief. *See, e.g.,* Kontz v. B.P. John Furniture Corporation, 115 P.2d 319 (Or. 1941); Peterson v. Eldredge, 246 P.2d 886 (Utah 1952).

de minimis in a suit for restitution of money paid by mistake, and we decline to so hold in this case. *See* Concerned Parents v. Caruthersville Sch. D., 548 S.W.2d 554 (Mo. 1977).

Other contentions raised by appellant are meritless and need not be addressed. The judgment of the district court is affirmed with respect to appellant's claim for restitution of the costs of refinancing the note receivable. The judgment is reversed with respect to the amount by which the balance of the note had been decreased when the contract was entered into, and the cause is remanded for entry of summary judgment in favor of appellant on that claim.