GARDNERVILLE RANCHOS GENERAL IMPROVEMENT DISTRICT; JERRY J. BING, VICTOR HYDEN, AL WAGNER, ROBERT GRIFFIN, BEVERLY PAGE, RICHARD GLAVE AND BRUCE NYSTROM, TRUSTEES OF THE GARDNERVILLE RANCHOS GENERAL IMPROVEMENT DISTRICT, APPELLANTS AND CROSS-RESPONDENTS, v. MINDEN-GARDNERVILLE SANITATION DISTRICT, RESPONDENT AND CROSS-APPELLANT.

No. 18338

February 22, 1989                    769 P.2d 71

[Rehearing denied May 3, 1989]

*Michael Smiley Rowe,* Minden, and *Allison, MacKenzie, Hartman, Soumbeniotis & Russell, Ltd.* and *Karen A. Peterson,* Carson City, for Appellants and Cross-Respondents.

*Woodburn, Wedge & Jeppson* and *Steven C. Malvey* and *William E. Peterson,* Reno, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

This case arose when Gardnerville Ranchos General Improvement District's (GRID), appellants and cross-respondents, counterclaim against Minden-Gardnerville Sanitation District, (MGSD), respondent and cross-appellant, was severed from another lawsuit. The dispute centers around the parties' 1974

agreement, whereby GRID purchased capacity in MGSD's sewage treatment plant and became a joint owner in a 1,500,000 gallon per day expansion plant in which GRID had an option to purchase additional capacity at an adjusted rate. The district court entered a declaratory judgment granting GRID the right to purchase additional capacity in the new plant. Both parties appealed. For the reasons stated herein we affirm the decision of the district court as modified.

On February 1, 1984, GRID entered into a written agreement with MGSD. The agreement, which was drafted by MGSD, provided that GRID would pay $300,000 or $0.75 per gallon per day for an initial capacity of 400,000 gallons per day (gpd), joint ownership in a 1,500,000 gpd expansion plant, and an option to purchase additional capacity at the $0.75 per gallon per day rate subject to an adjustment for increased costs of construction, engineering, legal, fiscal, administrative and other costs.

The expansion plant was built and MGSD demanded an additional $237,200 from GRID to pay for increased costs. GRID disputed the amount and the parties submitted the matter to arbitration. Through the arbitration it was determined that GRID's share of the increased expansion costs was $79,067. Thus, GRID paid a total of $379,067 for the initial 400,000 gpd capacity, joint ownership in the expansion and the option. This adjustment raised the initial capacity purchase price from $0.75 to $0.947 per gallon per day.

In 1978, 1982 and 1984, GRID requested additional capacity under the option. MGSD refused GRID's requests stating that no capacity was available. Subsequently, in another lawsuit, GRID asserted a counterclaim against MGSD seeking a declaratory judgment to determine the amounts of sewer capacity available for purchase by GRID pursuant to the option and the price to be paid for that capacity. That counterclaim was severed and tried separately to the district court.

The district court determined, among other things, that the amount of sewer capacity available for purchase by GRID pursuant to the option was 113,571 gpd and the price of that capacity was to be $6.50 per gallon. Both parties appealed alleging that the district court had committed numerous errors in interpreting the parties' agreement. After hearing the oral arguments of the parties, reviewing their briefs and the record on appeal, we conclude that the district court committed only one error in resolving this dispute. That error was the district court's determination that $6.50 per gallon was the cost GRID had to pay for the additional capacity.

The language of the agreement is clear and unambiguous. The option rights granted to GRID were for additional capacity in the expanded plant. The cost for additional capacity in the expanded

plant under the option provision was to be the same amount that was paid for initial capacity, as the same might be adjusted in the future to reflect the increased costs of construction, engineering, legal, fiscal, administrative and other related costs. The initial price per gallon for capacity was adjusted by the Arbitration Award. It was increased from $0.75 per gallon to $0.947 per gallon.

For purposes of GRID's option to acquire additional capacity, this is the price that is controlling upon the parties. This is the price that the parties agreed to and negotiated. Any other reading would render the option meaningless. Where a contract fixes the price, one party cannot avoid its terms. Sutro Tunnel Co. v. Segregated Bellcher Mining, 19 Nev. 121, 7 P. 271 (1885); Wells Cargo, Inc. v. Dodge Construction Inc., 77 Nev. 425, 366 P.2d 90 (1961). Therefore, the district court erred in determining that the additional capacity must be purchased for the price of $6.50 per gallon.

Accordingly, we modify that portion of the district court's order and affirm it in all other respects.[1]

---

[1]The Honorable Robert E. Rose, Justice, did not participate in the decision of this appeal.