IN THE SUPREME COURT OF THE STATE OF NEVADA

DESERT VALLEY CONTRACTING,
INC., A NEVADA CORPORATION,
Appellant,
vs.
IN-LO PROPERTIES, A NEVADA
LIMITED LIABILITY COMPANY;
EUGENE INOSE, AN INDIVIDUAL;
AND JEFFREY LOUIE, AN
INDIVIDUAL,
Respondents.

No. 79751

FILED

MAR 03 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a final judgment, following a bench trial, in a breach of contract action.[1] Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.

Eugene Inose[2] hired Desert Valley Contracting, Inc., to repair and restore his custom home after it suffered extensive water damage. Their contract required Desert Valley to perform the restoration work in a good and workmanlike manner and Inose to immediately forward insurance proceeds to Desert Valley and instruct the insurer to make Desert Valley a payee on all insurance drafts for the work. Desert Valley expected to receive its project costs plus ten percent overhead and ten percent profits. Desert Valley performed extensive work on the home but made mistakes and decisions that increased costs and resulted in additional damage.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Inose is the principal of In-Lo Properties, which owns the subject property.

21-06238

Meanwhile, Inose requested changes and upgrades that were not in the scope of the repair work, believing those costs could be offset. Throughout the restoration work, Inose turned over some, but not all, of the insurance proceeds to Desert Valley. Eventually Desert Valley stopped work on the home. Inose thereafter worked with Desert Valley's subcontractors directly.

Desert Valley received insurance funds sufficient to cover its costs and some, but not all, of its overhead and expected profits. Desert Valley filed the underlying lawsuit, asserting causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and intentional interference with a contract. Inose asserted similar counterclaims against Desert Valley. Following a seven-day bench trial, the district court dismissed both parties' claims. The district court found that both parties breached the contract and concluded that neither party was entitled to damages. As to Desert Valley specifically, the district court concluded the contract was ambiguous, construed the ambiguity against Desert Valley, and found that because Desert Valley completed approximately 85 percent of the work and was paid for that work, Desert Valley failed to establish damages.

Desert Valley appeals, arguing the contract contained a scrivener's error, the contract was not ambiguous, and Inose understood the contract as requiring Inose to pay Desert Valley's fees, costs, and profits if Inose repudiated the contract. Desert Valley further argues it proved damages of at least $89,197.58.[3] Finally, Desert Valley contends the record

---

[3]Inose contends that under NRCP 37(c)(1) Desert Valley should not have been allowed to present evidence of damages at trial because it failed to provide a computation of damages as required by NRCP 16.1. The remedy for failure to provide the NRCP 16.1 computation is exclusion of

does not support that it breached the contract. Desert Valley asks this court to reverse the decision and order the district court to award it $89,197.58 in damages.

To succeed on a breach of contract claim, the plaintiff must show that (1) a valid contract exists, (2) plaintiff performed its obligations; (3) defendant failed to perform its obligations; and (4) damages. *See Richardson v. Jones*, 1 Nev. 405, 408-09 (1865). Generally we construe contract ambiguities against the drafter. *See MMAWC, LLC v. Zion Wood Obi Wan Trust*, 135 Nev. 275, 279, 448 P.3d 568, 572 (2019). But a court may reform a contract where the parties' intent has been frustrated by a clear mistake. *Lattin v. Gray*, 75 Nev. 128, 132, 335 P.2d 778, 781 (1959); *Holman v. Vieira*, 53 Nev. 337, 300 P. 946, 947 (1931). For example, we long ago recognized that a scrivener's error in drafting a deed will not frustrate a land sale, *Ruhling v. Hackett*, 1 Nev. 360, 368 (1865), and federal courts decline to construe patent ambiguities against the drafter where the contract presents a "glaring conflict or obvious error." *See, e.g., Visual Connections, LLC v. U.S.*, 120 Fed. Cl. 684, 696 (Fed. Cl. 2015); *Universal Shelters of America, Inc. v. U.S.*, 87 Fed. Cl. 127, 143 n.7 (Fed. Cl. 2009) (defining "patent ambiguity in a contract [as an ambiguity] that is, on its face, glaring and obvious, while a latent ambiguity is not so obvious and

---

evidence of damages at trial, unless the failure was harmless. NRCP 37(c)(1); *see also Pizarro-Ortega v. Cervantes-Lopez*, 133 Nev. 261, 265, 396 P.3d 783, 797 (2017). Although Desert Valley did not provide a formal NRCP 16.1 computation, it disclosed its expected damages and a general calculation in answers to interrogatories. The district court did not address Inose's argument on this point, signaling the district court believed Desert Valley's failure was harmless, and we agree the failure was harmless under these facts.

requires the Court to adopt the *contra proferentem* rule . . . construing an ambiguity against the drafter.").

The contract provision at issue here states:

> Should Client terminate the Contractor after the work has begun, but not completed in full, the Client shall be responsible for any and all fees and costs associated with the work performed, plus the profit that *the client* would have made on the job had Client not repudiated the contract.

(Emphasis added). We conclude this provision contained a scrivener's error rather than an ambiguity, such that the district court erred by construing the language against the drafter. *Galardi v. Naples Polaris, LLC*, 129 Nev. 306, 309, 301 P.3d 364, 366 (2013) (observing that this court reviews the district court's interpretation of a contract de novo). The words "the client" are not ambiguous as the context clearly indicates the provision meant to reference the contractor, Desert Valley, i.e., the only party for whom profits were contemplated. Strictly construing this language as written would lead to a nonsensical result: that if Inose untimely terminated Desert Valley, Inose would be entitled to Inose's profits, even though, as the homeowner paying for repairs, he never stood to make a profit on the project. Thus, the words "the client" here constitute a glaring, obvious error. Moreover, the record shows the parties understood the contract required Inose to pay Desert Valley's expected profits should Inose terminate the project—a fact Inose conceded at trial before the scrivener's error was raised.[4] Accordingly, we conclude the district court erred by construing the error against Desert

---

[4]When asked if it was his "understanding that if you terminated [Desert Valley] you would have still been responsible for any profit that they would have earned if you had not terminated them," Inose responded "Yes. How I read it now, yes."

Valley and concluding the error barred Desert Valley from seeking damages for its expected profits.

Because we cannot say whether the district court's error was harmless here, we reverse the judgment and remand for further proceedings. In particular, the court did not determine who breached first or if the breaches were mutual, thereby precluding relief. *See Cain v. Price*, 134 Nev. 193, 196, 415 P.3d 25, 29 (2018) ("one party's material breach of its promise discharges the non-breaching party's duty"); *Westinghouse Elec. Corp. v. Garrett Corp.*, 601 F.2d 155, 158 (4th Cir. 1979) (observing that under general contract law, "in proper circumstances a court may refuse to allow recovery by either party to an agreement because of their mutual fault"). Moreover, because the district court erred in determining the profit provision was ambiguous and that Desert Valley therefore could not establish damages, the district court did not address whether, in light of the evidence presented, the contract, once reformed to omit the scrivener's error, entitled Desert Valley to its expected profit and overhead in the event of termination by Inose. These are questions of fact for the district court to determine upon remand, and accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Joseph Hardy, Jr., District Judge
Persi J. Mishel, Settlement Judge
Hurtik Law & Associates
Holley Driggs/Las Vegas
Eighth District Court Clerk