ROBERT G. JOHNSON, Appellant, *v.* PATRICIA JANE JOHNSON, Respondent.

No. 8934

December 22, 1977          572 P.2d 925

*Neil J. Beller,* Las Vegas, for Appellant.

*Rose, Edwards & Hunt,* and *Niels L. Pearson,* Las Vegas, for Respondent.

# OPINION

By the Court, ZENOFF, C. J. (Retired):[1]

This appeal marks the second time that these formerly married parties have brought their post-marital strife before the Nevada Supreme Court. *See* Johnson v. Johnson, 90 Nev. 270, 524 P.2d 544 (1974). This time, Robert Johnson appeals from that part of the district court's May 6, 1976, order, primarily addressed to the payment of substantial arrearages in his alimony and child-support obligations, which sets aside the conveyance of his Las Vegas residence to his present wife Renee. Robert asserts that the order cannot stand for the reason that Renee is the transferee and therefore an indispensable party who should have been joined in the action. We agree.

To counter Robert's appellate contention, Patricia argues that Robert is without standing to raise the issue of Renee's non-joinder, and that even if he has standing, the objection of non-joinder was waived by its non-assertion at the trial level. She argues further that the absence from the record on appeal of the transcript of the third and final day of the hearing below compels us to presume that the trial court acted properly, either by finding Renee not to be an indispensable party or by, in fact, joining her.

None of her assertions have merit. The failure to join an indispensable party may be raised by the appellate court *sua sponte,* Kimball v. Florida Bar, 537 F.2d 1305 (5th Cir. 1976); State Farm Mut. Auto Ins. Co. v. Mid-Continent Cas. Co., 518 F.2d 292 (10th Cir. 1975); Boles v. Greeneville Housing Authority, 468 F.2d 476 (6th Cir. 1972), as well as by a party who, by reason of the non-joinder, may be subjected to inconsistent or double liability. *Cf.* Dredge Corp. v. Penny, 338 F.2d 456 (9th Cir. 1964). Similarly, the objection that an indispensable party was not joined is not waived by its non-assertion at the trial level. Provident Bank v. Patterson,

---

[1]The Chief Justice designated HON. DAVID ZENOFF, CHIEF JUSTICE (Retired), to sit in this case. Nev. Const. art. 6, § 19; SCR 244.

390 U.S. 102 (1968); Riley v. County of Cochise, 455 P.2d 1005 (Ariz.App. 1969).

In support of her final argument, Patricia relies on the line of cases decided following the adoption of NRAP 10(c) in which we held that in the absence of a transcript or agreed statement of the proceedings below "it is assumed that the record supports the lower court's findings." Kockos v. Bank of Nevada, 90 Nev. 140, 143, 520 P.2d 1359, 1361 (1974), quoting the decision in City of Las Vegas v. Bolden, 89 Nev. 526, 516 P.2d 110 (1973). *See also,* F.P.D., Inc. v. Long, 90 Nev. 27, 518 P.2d 155 (1974); Ute, Inc. v. Apfel, 90 Nev. 25, 518 P.2d 156 (1974); Alexander v. Simmons, 90 Nev. 23, 518 P.2d 160 (1974); Turner v. Staggs, 89 Nev. 230, 510 P.2d 879 (1973).

However, the rule enunciated in *Turner v. Staggs, supra,* was not designed to operate in an automatic fashion, mandating *per se* the affirmance of a district court decision whenever a transcript is not provided for appellate review. In contrast with the cases cited above, the record before us in this case contains the information necessary to assess Robert's appellate contention. Driscoll v. Erreguible, 87 Nev. 97, 482 P.2d 291 (1971). From the record before us we can determine Renee's relationship to the residence and whether she was joined in the action below.

The record on appeal consists of every pleading filed in the long history of this case since the initiation of the divorce action in 1970, as well as the transcript of two of the three days of hearing devoted to the trial of the matter presently on appeal. Sufficient evidence appears to establish that Renee is the transferee of the residence, which transfer was declared null and void by the trial court. In the record is a motion to set aside the conveyance filed by Patricia. The accompanying memorandum of points and authorities admits that Renee is the transferee. Testimony of the first two days of trial establishes that Renee was the transferee of property. Finally, the trial court's dispositional order of May 6, 1976, includes as a finding of fact and law Renee's status as the transferee. Thus, contrary to Patricia's contention, the transcript of the final day of trial is in no way essential to the determination of Renee's status.

Cases decided prior to the adoption of FRCP 19(a) hold

that a transferee is an indispensable party in an action to set aside the conveyance of the transferred property. *See* TWM Homes, Inc. v. Atherwood Realty and Investment Co., 29 Cal. Rptr. 887 (Cal.App. 1963); Heffernan v. Bennett & Armour, 243 P.2d 846 (Cal.App. 1952); Liuzza v. Bell, 104 P.2d 1095 (Cal.App. 1940). To enter an order of reconveyance without joining the transferee would constitute the taking of property from one person and giving it to another without a hearing. Liuzza v. Bell, *supra,* at 1101.

NRCP 19(a) mandates a like conclusion.[2] A non-joined transferee of property which has been ordered reconveyed could validly force relitigation of the issue of the propriety of the conveyance before coming under any legal duty to reconvey the property. Ranger Ins. Co. v. United Housing of New Mexico, Inc., 488 F.2d 682 (5th Cir. 1974); Tankersley v. Albright, 514 F.2d 956 (7th Cir. 1975); Kamhi v. Cohen, 512 F.2d 1051 (2nd Cir. 1975). Additionally, NRCP 70 also contemplates that the person from whom title is divested be a party to the proceeding.[3]

In a case involving a similar issue, this court said: "that whether or not the second spouse of one of the divorced parties is a necessary party to a proceeding to vacate the decree, he is entitled to notice and without such notice an order vacating the decree will be set aside." Moore v. Moore, 75 Nev. 189, 194, 336 P.2d 1073, 1074–5 (1959).

Finally, the record does not affirmatively show that Renee was ever joined in this action. In fact, the record contains substantial evidence that she was not joined. Neither the motion

---

[2]NRCP 19(a) provides:

"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff."

[3]NRCP 70 provides, in pertinent part:

"If real or personal property is within the State, the court in lieu of directing a conveyance thereof may enter a judgment divesting the title of *any party* and vesting it in others. . . ." (Emphasis supplied.) *Cf.* Paradise Palms v. Paradise Homes, 89 Nev. 27, 505 P.2d 596 (1973).

to set aside the conveyance, the trial court's preliminary order, the trial court's recitation of parties on the first two days of trial nor the trial court's final order list Renee as a party. Since Renee was unquestionably an indispensable party, and since the relief granted in her absence is essentially nugatory, the order of reconveyance must be and hereby is vacated. Moore, *supra;* Boles, *supra.* The matter is remanded to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.