CHARLES SCHWOB, ROBERT SCHWOB, COAST-TO-COAST STORE OF MINDEN, NEVADA, APPELLANTS, v. ROBERT W. HEMSATH, RESPONDENT.

No. 13198

June 23, 1982                  646 P.2d 1212

*Smith' & Gamble,* Carson City, for Appellants.

---

*Sheerin, O'Reilly, Walsh & Keele,* Carson City, for Respondent.

## OPINION

*Per Curiam:*[1]

The record before this court indicates that the district court entered judgment against a corporation, R.N.S., Inc., which was never served with process in the action. Without proper service of process the district court acquires no jurisdiction over a party. NRCP 4(d); Brockbank v. District Court, 65 Nev. 781, 201 P.2d 299 (1948); State v. District Court, 51 Nev. 206, 273 P. 659 (1929). Nothing in the record before this court suggests that R.N.S., Inc., has ever appeared in the action or subjected itself to the jurisdiction of the court. *Cf.* Deros v. Stern, 87 Nev. 148, 483 P.2d 648 (1971). It is undisputed that R.N.S., Inc., holds legal title to the property in controversy here, a hardware store in Minden. By its judgment, the district court ordered that the hardware store be conveyed to respondent Hemsath. Thus it is evident that R.N.S., Inc., is an indispensable party. NRCP 19(a); Johnson v. Johnson, 93 Nev. 655, 572 P.2d 925 (1977); Chiodo v. General Waterworks Corporation, 380 F.2d 860 (10th Cir.), *cert. denied,* 389 U.S. 1004 (1967). Failure to join an indispensable party is fatal to a judgment and may be raised by an appellate court *sua sponte.* Provident Bank v. Patterson, 390 U.S. 102 (1968); Johnson v. Johnson, *supra.*

In this case, it is conceded that title to the asset in dispute is in a corporation which has never been served with summons in

---

[1]THE HONORABLE NOEL E. MANOUKIAN, Justice, voluntarily disqualified himself from the decision of this case.

the action, and has never appeared as a defendant. *See* Blum v. Postal Telegraph, 60 F.Supp. 237 (W.D.Pa. 1945) (plaintiff must comply with service of summons requirements to add party defendant). Accordingly, we reverse the judgment of the district court and remand this case with directions to allow the respondent the opportunity to join the party, and to grant a new trial if the party is properly joined. Sandobal v. Armour and Company, 429 F.2d 249 (8th Cir. 1970); McShan v. Sherrill, 283 F.2d 462 (9th Cir. 1960).

Reversed and remanded.