BINARD v CARRINGTON

Docket No. 87819. Submitted October 16, 1986, at Detroit. Decided June 9, 1987.

Arthur J. Binard was killed when a Piper Arrow in which he was a passenger, piloted by Alfred D. Carrington, crashed shortly after takeoff from Kelley's Airport. The plane was owned by Dr. Lestor B. Hilborn and leased to Cardinal Aviation, Inc., a corporation owned by Jerry D. Warren. Carrington and another passenger were also killed in the crash. Sally Binard, personal representative of the estate of Arthur J. Binard, on the advice of counsel, executed a full release of Hilborn and Cardinal Aviation in consideration of $90,000. She then brought a wrongful death action in the Oakland Circuit Court against Judith E. Carrington, administratrix of the estate of Alfred D. Carrington, Jerry D. Warren, Lestor B. Hilborn, and others. She later added Cardinal Aviation as a defendant. The court, Francis X. O'Brien, J., granted accelerated judgment in favor of Cardinal Aviation. Plaintiff appealed.

The Court of Appeals *held:*

1. A party seeking to avoid the operation of a release must prove by a preponderance of the evidence that the release should be set aside. Plaintiff did not sustain her burden of proof in attacking the release.

2. Plaintiff's claims that the consideration for the release was inadequate were without merit.

3. Plaintiff's claim that the release should be set aside because of a conflict of interest of her counsel was without merit.

Affirmed.

REFERENCES

Am Jur 2d, Release §§ 14 *et seq.*; 46 *et seq.*

Release of, or covenant not to sue, one primarily liable for tort, but expressly reserving rights against one secondarily liable, as bar to recovery against latter. 24 ALR4th 547.

Modern status of rules as to avoidance of release of personal injury claim on ground of mistake as to nature and extent of injuries. 13 ALR4th 686.

Validity of release of prospective right to wrongful death actions. 92 ALR3d 1232.

1. RELEASE — BURDEN OF PROOF.

A release, to be valid, must be fairly and knowingly made; a party seeking to avoid the operation of a release must prove by a preponderance of the evidence that the release should be set aside.

2. RELEASE — TORTS.

A release of tort liability executed for consideration may be invalid if: (1) the releasor was dazed, suffering from shock or under the influence of drugs; (2) there was misrepresentation as to the nature of the instrument; or (3) there was other fraudulent or overreaching conduct.

3. RELEASE — FRAUD — MISTAKE.

The intent of the parties to a release of tort liability should be considered where fraud or mistake is alleged and factors bearing upon the issue of intent include: (1) the haste, or lack thereof, with which the release was obtained; (2) the sum of money involved as consideration; (3) all the circumstances surrounding the release including, of course, the conduct and intelligence of both the releasor and the releasee; and (4) the actual presence of an issue of liability.

4. CONTRACTS — CONSIDERATION — APPEAL.

As a general principle of law, courts will not inquire into the adequacy of consideration unless it is so grossly inadequate as to shock the conscience of the court.

*Schaden & Heldman* (by *Paul G. Valentino* for *Victoria C. Heldman*), for plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Michael L. Updike*), for Cardinal Aviation, Inc.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff, Sally Binard, appeals as of right from a trial court order granting accelerated judgment, pursuant to GCR 1963, 116.1(5), now MCR 2.116(C)(7), in favor of defendant Cardinal Aviation.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff's decedent was killed in the crash of a four-passenger single-engine airplane on September 2, 1979. The crash occurred shortly after takeoff from Kelley's Airport in Grayling, Michigan. The plane's pilot, Alfred D. Carrington, and another passenger, Frederick Saltmarsh, were also killed. A third passenger, Bruce Saltmarsh, was the only survivor of the crash. The plane, a Piper Arrow, was owned by Dr. Lestor B. Hilborn, who leased it to defendant Cardinal Aviation, a Kentucky corporation wholly owned by Jerry D. Warren. The plane had been rented to Carrington by Cardinal Aviation.

After being appointed personal representative of the estate of Arthur J. Binard, plaintiff, on the advice of counsel, entered into a "full release of all claims" against Hilborn and defendant Cardinal Aviation only, in consideration of $90,000. A settlement was approved by the Oakland County Probate Court following a hearing at which plaintiff stated she was satisfied with the settlement and that she realized that, once she settled, future claims against the "responsible person" were barred.

Over a year after the settlement was approved, plaintiff filed the instant action for wrongful death in Oakland Circuit Court against numerous defendants, including Hilborn and Warren. Apparently plaintiff named Warren individually because she was under the impression that Cardinal Aviation was not a valid corporation under Kentucky law, and Warren, as its sole shareholder, was its alter ego. Plaintiff subsequently learned that Cardinal Aviation was a valid corporation and it was added to the action as a defendant.

On September 1, 1982, the trial court granted accelerated judgment in favor of defendants Hilborn and Warren. Plaintiff appealed to this Court

which affirmed the trial court's ruling in an unpublished per curiam opinion, *Binard v Warren,* decided May 30, 1984 (Docket No. 74624).

The trial court subsequently granted accelerated judgment in favor of defendant Cardinal Aviation on October 17, 1984. Plaintiff now appeals as of right from this grant of accelerated judgment. We note that in January, 1985, the instant action was transferred to the Crawford Circuit Court. On August 30, 1985, a consent judgment was entered against the remaining defendants. Pursuant to the consent judgment, plaintiff received $800,000 from defendant Kelley's Airport and $12,500 from defendant Consumers Power Company. Plaintiff had previously settled with the manufacturer of the airplane, Piper Aircraft Corporation, for $60,000.

In the instant appeal, plaintiff asserts that the trial court erred in granting accelerated judgment in favor of defendant Cardinal Aviation based on the release signed by plaintiff. Plaintiff contends that a factual dispute exists regarding the validity of the release rendering accelerated judgment inappropriate. Plaintiff asserts four reasons for setting aside the release: (1) the defendant actively concealed the existence of two insurance policies from plaintiff; (2) the release was not supported by consideration as to defendant Cardinal Aviation; (3) if there was consideration, the amount was inadequate; and (4) plaintiff executed the release on advice of her former counsel, who had a conflict of interest in that he had represented the insurance agency which provided the settlement funds.

Motions for accelerated judgment were governed by GCR 1963, 116, which provided in pertinent part:

1. Grounds. In a party's first responsive pleading, or by motion filed not later than his first

responsive pleading, a party may demand that service of process be quashed or that judgment be entered dismissing 1 or more claims asserted against him upon any of the following grounds:

\* \* \*

(5) the claim is barred because of release, payment, prior judgment, statute of limitations, statute of frauds, infancy, or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action.

When a factual issue exists, it is improper to grant a motion for accelerated judgment. *Baker v Detroit,* 73 Mich App 67, 75; 250 NW2d 543 (1976). When a timely demand for a jury trial has been made, the trial court, pursuant to GCR 1963, 116.3, shall postpone resolution of factual disputes arising under GCR 1963, 116.1(5) until trial on the merits. *Baker, supra,* p 75. A genuine issue of fact is created if the affidavits, pleadings, depositions, admissions and documentary evidence, when viewed in a light most favorable to the party opposing the motion, might permit inferences contrary to the facts asserted by the movant. *Opdyke Investment Co v Norris Grain Co,* 413 Mich 354, 360; 320 NW2d 836 (1982).

In *Denton v Utley,* 350 Mich 332; 86 NW2d 537 (1957), our Supreme Court stated that, in order to be sustained as a valid release, a release must be fairly and knowingly made. When a release is challenged, the party seeking to avoid the release must prove by a preponderance of the evidence that the release should be set aside. *Van Avery v Seiter,* 383 Mich 486; 175 NW2d 744 (1970). A release may be invalidated if (1) the releasor was dazed, suffering from shock, or under the influence of drugs, (2) there was misrepresentation as to the nature of the instrument, or (3) there was other fraudulent or overreaching conduct. *Denton, su-*

*pra; Theisen v The Kroger Co,* 107 Mich App 580, 582-583; 309 NW2d 676 (1981). Where fraud or mistake is alleged, the intent of the parties should be considered. *Id.,* p 583. Factors having a bearing on the issue of intent include (1) the haste (or lack thereof) with which the release was obtained, (2) the amount of consideration, (3) the circumstances surrounding the release, including the conduct and intelligence of both the releasor and the releasee, and (4) the actual presence of an issue of liability. *Theisen, supra,* p 583.

In the instant case, plaintiff has failed to sustain her burden of proof in attacking the release. Although she alleges that defendant actively concealed the existence of two other policies of insurance, there is no evidence in support of this contention. None of the exhibits attached to plaintiff's brief affirmatively state that defendant actively concealed the existence of additional insurance policies, nor does the transcript of the probate proceeding in which plaintiff was granted authority to settle her claim against defendant suggest that she entered into the settlement solely because there was only one insurance policy. In her deposition, plaintiff stated that it was her understanding the case was settled for $90,000 because that was the limit that was available through the insurance policy. Yet, she failed to allege the circumstances surrounding the concealment of the remaining policies. Thus, we conclude that plaintiff has failed to raise an issue of fact regarding the concealment of any policies of insurance.

Plaintiff's second and third arguments regarding a lack of consideration are related and can be considered together. Plaintiff claims the release should be set aside because it was supported by inadequate consideration. This claim is meritless. As a general principle of law, courts will not

inquire into the adequacy of consideration unless it is so grossly inadequate as to shock the conscience of the court. *Dep't of Natural Resources v Bd of Trustees of Westminster Church of Detroit,* 114 Mich App 99, 104; 318 NW2d 830 (1982); *Lenawee Co Bd of Health v Messerly,* 98 Mich App 478, 490-491; 295 NW2d 903 (1980), rev'd on other grounds 417 Mich 17; 331 NW2d 203 (1982). In the instant case, the release was supported by adequate consideration. Contrary to plaintiff's assertion, the liability of defendant was not established. Although the Michigan ownership liability statute may provide a basis for liability, the burden of establishing liability against defendant remains with plaintiff. Plaintiff has not provided any support for a claim that liability was clearly established against defendant. Under such circumstances, settlement of plaintiff's claim for $90,000 was not inadequate.

Plaintiff's final claim is that the release should be set aside because she executed it upon the advice of her former counsel, who had a conflict of interest in that he had previously represented both the insurance agency that issued the settlement check as well as Piper Aircraft, Inc. We find plaintiff's argument to be without merit. Plaintiff was aware that her counsel had previously represented both the insurance agency and Piper and, thus, should be precluded from relying on any alleged conflict of interest. Although plaintiff's argument may provide a basis for an action against the attorney, it does not provide a basis for setting aside the release.

Plaintiff has failed to raise a genuine issue of fact regarding the validity of the release; thus, the trial court did not err in granting defendant's motion for accelerated judgment.

Affirmed.