HOME SAVERS, INC., AND RAY BAILEY, APPELLANTS, v.
UNITED SECURITY COMPANY, AND UNITED
MORTGAGE COMPANY, RESPONDENTS.

No. 17249

August 27, 1987 741 P.2d 1355

[Rehearing denied October 7, 1987]

*John Peter Lee* and *Barney C. Ales,* Las Vegas, for Appellants.

*Deaner & Deaner,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Respondent United Mortgage Company is in the business of brokering loans secured by real property. Respondent United Security Company acts as trustee in the Deeds of Trust securing the loans brokered by United Mortgage. These companies appear to be essentially different divisions of the same business, and for purposes of this opinion we will refer to them collectively as "United." Appellant Home Savers, Inc. ("Home Savers") is in the business of buying real property at foreclosure sales and reselling the property for a profit.

In May, 1983, United, acting as a trustee, gave notice of a trustee's sale. Home Savers saw the notice, investigated the property, and purchased the property at the foreclosure sale for $64,285.00, an amount approximately one dollar greater than United's opening bid on behalf of the beneficiaries.

Based on its investigation, Home Savers believed it had purchased a 2,000 square foot home situated on a one-half acre lot. Mike and Ray Bailey had inspected the property on Home Savers' behalf and estimated the property's value at approximately $90,000.00 to $100,000.00. Shortly after the foreclosure sale, however, Home Savers discovered that it had actually bought a parcel located in back of the parcel it believed it had purchased. This parcel included a 600 square foot home in poor condition and was valued at approximately $17,000.00. Originally, both parcels were encumbered by the Trust Deed. However, the front parcel had been released and only the back parcel was sold at the trustee's sale.

After discovering the mistake, Home Savers attempted to persuade United to buy the property back. United refused. Home Savers then brought this lawsuit seeking rescission and damages, and the trial court found in United's favor. We conclude that Home Savers is entitled to rescission by virtue of a unilateral mistake, and we therefore reverse.

It is evident that United was not mistaken concerning the property to be sold at the trustee's sale. The legal notices and the trustee's deed contained accurate legal descriptions. However, it is also evident that Home Savers was mistaken, and we have recognized that a unilateral mistake may be a basis for rescission. Allenback v. Ridenour, 51 Nev. 437, 461, 279 P. 32, 37 (1929). We adopt the unilateral mistake rule found in the Restatement:

> Where a mistake of one party at the time a contract was made as to a basic assumption on which he made the contract has a

material effect on the agreed exchange of performances that is adverse to him, the contract is voidable by him if he does not bear the risk of the mistake under the rule stated in § 154, and

\* \* \* \* \* \*

(b) the other party had reason to know of the mistake or his fault caused the mistake.

Restatement (Second) of Contracts § 153 (1981). In the instant case, the doctrine of unilateral mistake requires reversal.

The notice published by United was misleading in that it included the street address for the front parcel, the parcel which Home Savers believed it was purchasing. The back parcel apparently was not clearly visible from the road. Moreover, no one would anticipate that the dilapidated back parcel would serve as security for a loan with a balance many times the value of the property. Additionally, the record reveals that Home Savers telephoned United for the purpose of investigating the property described in the notice of sale, and United gave Home Savers the tax parcel number for the front parcel, not the back parcel. Given the facts of this case, we conclude that the evidence clearly reveals that United caused Home Savers' mistake, and the trial court should have granted rescission.

At the close of Home Savers' case, United moved to dismiss the rescission counts on the grounds that Home Savers failed to name the trust deed beneficiaries as defendants. The trial court adopted this position in its conclusions of law, concluding that even if rescission were otherwise appropriate, Home Savers could not obtain that relief because of failure to join the beneficiaries. We disagree.

We have held that NRCP 19(a) requires that when a plaintiff seeks to set aside a conveyance of property, the person who received the property in the conveyance must be joined as a party. Johnson v. Johnson, 93 Nev. 655, 658, 572 P.2d 925, 927 (1977). We have also held that in an action to set aside a conveyance of property into trust, the beneficiaries of the trust must be joined. Robinson v. Kind, 23 Nev. 330, 338, 47 P. 1, 3 (1896). Neither case requires the result urged by United.

As trustee, United held legal title to the real property in question. See Summa Corp. v. Greenspun, 96 Nev. 247, 252, 607 P.2d 569, 572 (1980). Home Savers seeks only to rescind the transaction whereby United conveyed title to Home Savers. The only issues before the trial court concerned the manner in which United conducted the sale of the property. In our view, NRCP

19(a) did not require joinder of the trust deed beneficiaries, and the district court erred in concluding that Home Savers could not obtain rescission without their presence in the lawsuit. We therefore reverse and remand the case to the district court with instructions to enter judgment in accordance with the views expressed herein.