ROSEMARIE CHWIALKOWSKI, Appellant/Cross-Respondent, *v.* PAUL SACHS, Respondent/Cross-Appellant.

No. 22219

July 2, 1992      834 P.2d 405

*M. Jerome Wright* and *Richard F. Cornell,* Reno, for Appellant/Cross-Respondent.

*McKissick, VanWalraven & Harris,* and *B. Alan McKissick,* for Respondent/Cross-Appellant.

**($13,800)** receipt of which is hereby acknowledged, do hereby release and forever discharge and by these presents do for myself/ourselves, my/our heirs, executors, administrators, successors and assigns, *release and forever discharge [D]RAC, Paul Cachs* [sic] and successors, affiliates and assigns, and/or his, her or their associates, heirs, executors and administrators *and all other persons, firms or corporations of and from any and every claim, demand, right or cause of action arising out of or in any way connected with that certain accident,* including all injuries, deaths, loss of services and consortium, and property damages, resulting therefrom, which occurred on or about the **27th** day of **February, 1987** at or near **Incline Village, NV** . . . .

(Emphasis added) (the bold-faced print indicates blank spaces filled in with the use of a typewriter).

Thereafter, Chwialkowski sued Sachs for negligence. Sachs moved for summary judgment, arguing that the release agreement extinguished Chwialkowski's claims against him. The district court granted Sachs' motion for summary judgment.

On appeal, Chwialkowski argues that there are material issues of fact as to whether she made a "mistake of fact" when she executed the release and whether there was consideration to support the release of Sachs. We disagree.

The release is unambiguous. An unambiguous contract is construed from the language of the document. Renshaw v. Renshaw, 96 Nev. 541, 543, 611 P.2d 1070, 1071 (1980). Chwialkowski clearly released all of her claims against DRAC, Sachs, and all other persons, firms and corporations for damages which resulted from the automobile accident involving Chwialkowski and Sachs. A release may be rescinded if obtained by mutual mistake or inadequate consideration. Hanson v. Oljar, 752 P.2d 187, 190 (Mont. 1988). Likewise, a unilateral mistake can be the basis for a rescission if "the other party had reason to know of the mistake or his fault caused the mistake." Home Savers, Inc. v. United Security Co., 103 Nev. 357, 358-59, 741 P.2d 1355, 1356-57 (1987).

Chwialkowski argues that neither she nor her attorney intended to release Sachs' personal automobile liability insurance carrier. Even if Chwialkowski's subjective intent constituted a mistake of fact, there is no evidence that the alleged mistake was mutual, Realty Holdings v. Nevada Equities, 97 Nev. 418, 419, 633 P.2d 1222, 1223 (1981), or was the type of unilateral mistake which

entitles a party to relief from a contract. *See, e.g., Home Savers,* 103 Nev. at 358-59, 741 P.2d at 1356-57.

Moreover, Chwialkowski did not present any evidence to demonstrate that the consideration supported only the release of DRAC. In fact, there was no limiting language in the release whereby Chwialkowski restricted the effect of the consideration that she received; the release settled all rights Chwialkowski had flowing from the accident. *See* Orr v. Dairyland Ins. Co., 273 S.E.2d 630, 631 (Ga.Ct.App. 1980).

We conclude that the district court did not err in granting Sachs summary judgment, as there were no disputed material issues of fact and Sachs was entitled to a judgment as a matter of law. American Fed. Sav. Bank v. County of Washoe, 106 Nev. 869, 871, 802 P.2d 1270, 1272 (1990).

Our disposition of this appeal makes it unnecessary for us to address the cross-appeal.[1]

---

[1]On February 27, 1989, Chwialkowski filed suit. On July 26, 1989, she filed an ex parte motion for extension of time in which to serve summons, alleging that she had made a good faith effort to locate Sachs. On April 9, 1990, Chwialkowski filed notice of service of process on Sachs by way of service on Nevada's Director of the Department of Motor Vehicles. Thereafter, Sachs moved to dismiss the complaint for failing to effect timely service. The district court denied this motion. Sachs cross-appealed from the order denying his motion to dismiss.