JONG MIN OH, Appellant, v. CARL WILSON, and STATE FARM INSURANCE COMPANIES, Respondents.

No. 26122

January 31, 1996        910 P.2d 276

*Ian Christopherson* and *Cliff W. Marcek,* Las Vegas, for Appellant.

*Edwards, Hale & Hansen* and *Thomas E. Winner,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant Jong Min Oh, an eighteen-year-old immigrant from Korea, was involved in a low-impact automobile collision with respondent Carl Wilson for which Wilson was responsible. Oh sustained both property damage and bodily injuries. Within three days of the accident, Oh met with representatives of respondent

State Farm Insurance Companies ("State Farm"). Oh received a check for his property damage and a check for $200, which Oh characterizes as "for not to go to hospital." In exchange for the $200 check, Oh signed a form in which he agreed to release Wilson and State Farm from any and all potential liability for bodily injury arising out of the accident ("the release").

Oh incurred expenses exceeding $2000 in medical treatment for his whiplash resulting from the accident. He then filed a complaint against respondents to rescind the release on the ground of, *inter alia*, unilateral mistake. Oh alleged that he did not understand that by signing the release he was foregoing any future claim for bodily injury. Respondents filed a motion for summary judgment, which the district court granted, asserting that the release was valid and binding.

On appeal, Oh argues that the district court erred in granting summary judgment, because genuine issues of fact exist as to whether he was unilaterally mistaken, State Farm knew of his mistake, and there was inadequate consideration for Oh to sign the release. We agree.

Summary judgment is only appropriate when, after a review of the record viewed in a light most favorable to the non-moving party, there remain no issues of material fact, and the moving party is entitled to judgment as a matter of law. Butler v. Bogdanovich, 101 Nev. 449, 451, 705 P.2d 662, 663 (1985). "In determining whether summary judgment is proper, the non-moving party is entitled to have the evidence and all reasonable inferences accepted as true." Wiltsie v. Baby Grand Corp., 105 Nev. 291, 292, 774 P.2d 431, 433 (1989). This court's review of a summary judgment order is de novo. Tore, Ltd. v. Church, 105 Nev. 183, 185, 772 P.2d 1281, 1282 (1989).

We conclude that there is a genuine issue of material fact regarding whether Oh was unilaterally mistaken as to the effect of the release he signed. Oh submitted an affidavit clearly stating that he did not understand that he was giving up any rights to a bodily injury claim by signing the release. Thus, a genuine issue of material fact exists as to Oh's unilateral mistake. However, Oh's misunderstanding does not preclude summary judgment because, as respondents point out, unilateral mistake standing alone is insufficient to invalidate a release. Chwialkowski v. Sachs, 108 Nev. 404, 834 P.2d 405 (1992). As this court stated in *Chwialkowski:*

> A release may be rescinded if obtained by mutual mistake or inadequate consideration. Hanson v. Oljar, 752 P.2d 187,

190 (Mont. 1988). Likewise, a unilateral mistake can be the basis for a rescission if "the other party had reason to know of the mistake or his fault caused the mistake." Home Savers v. United Security Co., 103 Nev. 357, 358-59, 741 P.2d 1355, 1356-57 (1987).

*Id.* at 406, 834 P.2d at 406. A unilateral mistake can be the basis of a rescission if the other party had reason to know of the mistake. *Id.* Thus, the issue before this court is narrowed to whether a genuine issue of material fact exists as to whether State Farm knew or should have known of Oh's mistake regarding the release. The facts and circumstances surrounding the transaction as set forth in Oh's affidavit create a genuine issue of material fact as to whether State Farm knew or should have known of Oh's mistake.

In Binard v. Carrington, 414 N.W.2d 900 (Mich. 1987), the court stated:

> [I]n order to be sustained as a valid release, a release must be fairly and knowingly made. . . . Where fraud or mistake is alleged, the intent of the parties should be considered. Factors having a bearing on the issue of intent include (1) the haste (or lack thereof) with which the release was obtained, (2) the amount of consideration, (3) the circumstances surrounding the release, including the conduct and intelligence of both the releasor and the releasee, and (4) the actual presence of an issue of liability.

*Id.* at 902 (citations omitted). The foregoing factors pertinent to evaluating an allegation of mistake are particularly relevant to the case at hand. Oh alleges that he was mistaken as to the effect of the release regarding his personal injury claim. According to *Binard*, State Farm's intent in obtaining the release is at issue. An application of the factors enumerated above to the facts of the instant case shows that a genuine issue of material fact exists regarding whether State Farm knew of Oh's mistake. State Farm obtained the release with haste, i.e., in three days. The amount of consideration for Oh to forego any future claim for personal injury when he had yet to receive medical attention appears inadequate—only $200. As far as the circumstances of the transaction and the intelligence of the parties are concerned, Oh may be intelligent, but his limited understanding of the English language put him at a disadvantage. Thus, these facts and circumstances demonstrate that there is a genuine issue of material fact regarding whether State Farm knew or should have known of Oh's unilateral mistake and therefore, summary judgment is precluded.

Relying upon language from *Chwialkowski*, Oh further claims

that inadequate consideration is a ground for setting aside a release. Although unilateral mistake is dispositive of the instant case, because the law in Nevada is unclear regarding whether inadequate consideration is a sufficient and independent ground for setting aside a contract of release, we address this issue.

In *Chwialkowski*, this court stated that "[a] release may be rescinded if obtained by . . . inadequate consideration." 108 Nev. at 406, 834 P.2d at 406. While *Chwialkowski* does state that inadequate consideration is a ground for rescinding a release, we now clarify that holding to conclude that it is more properly construed as a factor relevant in the application of other rules. For example, under the foregoing analysis set forth in *Binard* for unilateral mistake, inadequate consideration is a factor for determining whether the other party knew or should have known of the mistaken party's misunderstanding. *Binard*, 414 N.W.2d at 902. According to the Restatement (Second) of Contracts:

> To the extent that the apportionment of productive energy and product in the economy are left to private action, the parties to transactions are free to fix their own valuations. . . . [I]n many situations there is no reliable external standard of value, or the general standard is inappropriate to the precise circumstances of the parties. . . .
> Ordinarily, therefore, courts do not inquire into the adequacy of consideration. . . .
> Gross inadequacy of consideration *may be relevant* to issues of capacity, fraud and the like, but the requirement of consideration is not a safeguard against imprudent and improvident contracts except in cases where it appears that there is no bargain in fact.

Restatement (Second) of Contracts § 79 cmt. c (1979) (emphasis added). The Restatement further states:

> Although the requirement of consideration may be met despite great difference in the values exchanged, gross inadequacy of consideration *may be relevant* in the application of other rules. Inadequacy "such as shocks the conscience" is often said to be a "badge of fraud," justifying a denial of specific performance. Inadequacy may also help to justify rescission or cancellation on the ground of lack of capacity, mistake, misrepresentation, duress or undue influence.

*Id.* cmt. e (citations omitted) (emphasis added).

According to the Restatement, courts do not generally inquire into the adequacy of consideration because the values exchanged

are often difficult to measure and the parties are thought to be better at evaluating the circumstances of particular transactions. Yet, courts may inquire into the adequacy of consideration when it is relevant to ascertaining whether fraud, lack of capacity, mistake, duress or undue influence exist. Nevertheless, inadequacy of consideration standing alone does not justify rescission of a contract or release.

For the reasons set forth above, we conclude that there is a genuine issue of material fact as to whether State Farm knew or should have known of Oh's purported mistake and therefore, the district court erred in granting summary judgment.

Accordingly, we reverse the district court's order granting summary judgment and remand for proceedings consistent with this opinion.