An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MARTIN CENTENO,
Appellant,
vs.
NATIONAL DEFAULT SERVICING
CORPORATION; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC. (MERS); U.S. BANK
NATIONAL ASSOCIATION, AS
TRUSTEE UNDER POOLING AND
SERVICING AGREEMENT DATED AS
OF DECEMBER 1, 2006 MASTER
ASSET-BACKED SECURITIES TRUST
2006-NC3 MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2006-NC3; AND NEVADA LEGAL
NEWS,
Respondents.

No. 61416

**FILED**

APR 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from district court orders granting motions to dismiss in a real property action. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge.

Appellant appeals from the dismissal of his causes of action for injunctive relief to prevent foreclosure, unfair lending practices, and quiet title. We review an order granting a motion to dismiss de novo, accepting all factual allegations in the complaint as true and drawing all inferences in the plaintiff's favor. Buzz Stew, LLC v. City of N. Las Vegas, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008).

First, the district court properly dismissed appellant's unfair lending practices claim and his request for injunctive relief. Appellant lacked standing to assert a claim for unfair lending practices because he was not a borrower of any loan from respondents, NRS 598D.020, and whether the district court properly denied appellant's request for a

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10856

preliminary injunction is moot because the foreclosure sale has been completed. See Personhood Nevada v. Bristol, 126 Nev. ___, ___, 245 P.3d 572, 574 (2010).

Concerning appellant's quiet title cause of action, this claim is properly dismissed against these respondents because they no longer have an interest in the property. Therefore, they are not proper defendants in a quiet title action.[1] See Schwob v. Hemsath, 98 Nev. 293, 294, 646 P.2d 1212, 1212 (1982) (holding that the legal owner of a property was a necessary party to an action adjudicating title to the property). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____ J.        _____, J.
Parraguirre                          Cherry

---

[1]The district court dismissed appellant's quiet title cause of action after finding that he lacked standing. Viewing the facts in the light most favorable to appellant, it appears that he had standing to assert the quiet title cause of action because he alleged that he was a co-owner of the property. Nevertheless, because appellant did not name the proper parties in seeking to quiet title in this action and he has since filed a separate quiet title action against the purchaser of the property, dismissal of this cause of action was proper. Rosenstein v. Steele, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987).

[2]In light of this order, we deny Montessa, LLC's February 21, 2013, motion to consolidate this case with Centento v. Montessa, LLC, Docket No. 62506.

cc:    Hon. Timothy C. Williams, District Judge
       Martin Centeno
       Houser & Allison, APC
       Tiffany & Bosco, P. A.
       Greenberg Traurig, LLP/Las Vegas
       Snell & Wilmer, LLP/Las Vegas
       Eighth District Court Clerk