**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL W. JONES and ANALISA A. JONES,

             Plaintiffs - Appellants,

  v.

HOME MORTGAGE DIRECT LENDERS; et al.,

             Defendants - Appellees.

No. 13-15087

D.C. No. 3:12-cv-00289-RCJ-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted February 10, 2015
San Francisco, California

Before: PAEZ and BERZON, Circuit Judges, and EZRA, District Judge.[**]

Michael and Analisa Jones ("Appellants") appeal the district court's order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

1

dismissing their complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Appellants first contend that the district court did not have subject matter jurisdiction over the action. We review de novo the district court's determination of subject matter jurisdiction. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). The first cause of action in Appellants' complaint asserted violations of 15 U.S.C. § 1641(f)(2), giving the district court original subject matter jurisdiction under 28 U.S.C. § 1331. Appellants' third and fourth causes of action, which asserted violations of a Nevada statute that incorporates the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.*, necessarily turn on the construction of federal law and were thus also subject to the district court's federal question jurisdiction. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The district court properly exercised supplemental jurisdiction over the remaining causes of action, which derived from the same nucleus of operative fact as Appellants' federal claims. *See Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

Appellants next contend that the district court erred by improperly taking judicial notice of evidence outside of the pleadings in granting SunTrust's motion

to dismiss. It is not necessary to decide whether judicial notice was proper in this instance, because the district court could have dismissed Appellants' complaint without taking judicial notice of the contents of the documents submitted by SunTrust.

Appellants' first cause of action alleges that the mortgage "was almost immediately transferred" in violation of 15 U.S.C. § 1641(f)(2). The notice of default attached to the complaint states that it was sent by the duly appointed trustee under a deed of trust executed by Appellants on March 10, 2006.[1] Appellants filed suit on February 16, 2012, almost six years after the execution of the deed of trust referenced in the notice of default and certainly more than one year after the "almost immediate[]" transfer alleged in their complaint. Appellants' claim is thus time-barred under 15 U.S.C. § 1640(e). The second cause of action alleged that the notice of default failed to comply with the requirements of section 107.080 of the Nevada Revised Statutes. The notice of default includes the elements required by statute that Appellants allege were absent, and this cause of action thus also fails.

---

[1] The notice of default was attached to Appellants' complaint, and therefore could be properly considered by the district court on a motion to dismiss without the benefit of judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

3

The district court did not rely on any of the noticed documents in dismissing Appellants' third, fourth, and fifth causes of action. Appellants' sixth cause of action seeks rescission of the mortgage agreements based on unilateral mistake. "A unilateral mistake can be the basis of a rescission if the other party had reason to know of the mistake or his fault caused the mistake." *Oh v. Wilson*, 910 P.2d 276, 278 (Nev. 1996) (internal quotation marks omitted). While the district court referred to the judicially noticed deed of trust in rejecting this claim, such a reference was not required for dismissal. Appellants' complaint did not allege that SunTrust was a party to the mortgage agreements or could have otherwise known of or caused their mistake. Their claim for unilateral mistake fails on this basis alone.

Finally, Appellants contend that the district court erred in not allowing Appellants an opportunity to amend their complaint. We review dismissal without leave to amend for abuse of discretion, and denial of leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). Appellants have not shown, and the court does not find, that any of Appellants' six causes of action could have been saved by amendment. The district court did not abuse its discretion in denying leave to amend.

**AFFIRMED.**