# IN THE SUPREME COURT OF THE STATE OF NEVADA

PARKS! AMERICA, INC.; AND PARKS STAFFING SERVICES, LLC,
Appellants/Cross-Respondents,
vs.
STANLEY HARPER; AND COMPUTER CONTACT SERVICES, INC.,
Respondents/Cross-Appellants.

No. 66949

**FILED**

JUL 2 8 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART AND REVERSING IN PART AND DISMISSING CROSS-APPEAL

This is an appeal from district court summary judgments certified as final under NRCP 54(b) and an appeal and cross-appeal from an order awarding attorney fees and costs in a tort and contract action. Eighth Judicial District Court, Clark County; Susan Scann, Judge.

Appellants brought claims against respondents for fraud, civil conspiracy to commit fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty based on an allegedly fraudulent scheme related to the sale and reconveyance of an employment services agency. Respondents counterclaimed for breach of the reconveyance agreement. On respondents' motions, the district court granted summary judgment on all claims and counterclaims. The district court thereafter granted in part respondents' motion for attorney fees and costs under a prevailing party provision contained in the reconveyance agreement.

*Summary judgments*

Having reviewed the parties' briefs and appendices, we conclude that summary judgment was proper as to all of appellants' claims. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing de novo a district court summary judgment). Appellants

16-23586

failed to present evidence to support their theory that respondents entered into a scheme to defraud appellants by making false representations and omissions, thereby inducing appellants to purchase and then reconvey the employment services business at unfair prices or that they were damaged as a result. *Barmettler*, 114 Nev. at 446-47, 956 P.2d at 1386 (recognizing that plaintiff bears the burden of proving each element of its fraud claim by clear and convincing evidence); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986) ("[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden."); *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 447, 956 P.2d 1382, 1386 (1998) (reciting the required elements for a viable fraud claim, which include a defendant's false representation to the plaintiff and damage to the plaintiff as a result of plaintiff's justifiable reliance on that false representation). Thus, appellants failed to meet their burden to show that any genuine issues of material fact remained in dispute regarding their fraud claim. *Wood*, 121 Nev. at 729, 121 P.3d at 1029. Because appellants' civil conspiracy to commit fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty claims were predicated on the same alleged misrepresentations regarding the value and actual purchase price of the business as set forth in the various agreements, the district court also properly granted summary judgment on those claims.[1] *Wood*, 121 Nev. at 729, 121 P.3d at 1029.

As to respondents' counterclaim for breach of the reconveyance agreement, the district court properly determined that the agreement's

---

[1]The district court alternatively granted summary judgment based on the expiration of the statutes of limitation. In light of this order, we need not reach this issue.

release provision was clear on its face and thus should be enforced as written. *State ex rel. Masto v. Second Judicial Dist. Court*, 125 Nev. 37, 44, 199 P.3d 828, 832 (2009); *see Chwialkowski v. Sachs*, 108 Nev. 404, 406-07, 834 P.2d 405, 406 (1992) (holding that summary judgment was proper based on an unambiguous release provision in a contract). Although appellants argued that the reconveyance agreement was procured through fraud and was thus unenforceable, the evidence showed that appellants' board members were aware that the agreement would contain a release provision, and no board member objected to the inclusion of a mutual release of claims. While appellants also argue that they were not aware of their claims at the time the agreement was approved and signed, the agreement released all claims related to the purchase and sale of the employment services agency "whether known or unknown." The district court therefore correctly determined as a matter of law that appellants breached the reconveyance agreement when they filed their amended complaint asserting claims against respondents. *Chwialkowski*, 108 Nev. at 406-07, 834 P.2d at 406. Thus, we affirm the district court's summary judgment on respondents' counterclaim.

*Attorney fees and costs*

Appellants argue that because their claims were grounded on fraud and conspiracy rather than a dispute over the reconveyance agreement, the district court abused its discretion by awarding fees under the prevailing party provision in the reconveyance agreement. We disagree. Appellants alleged that respondents' misrepresentations led them to reconvey the employment services agency at a below-market price and that they were entitled to damages as a result. The reconveyance agreement broadly provides for an award of attorney fees and costs to the

prevailing party based on "any dispute or disagreement arising out of or in connection with" the agreement. As appellants' complaint directly implicated the reconveyance agreement, respondents' attorney fees were recoverable under that agreement's prevailing party provision. *Davis v. Beling*, 128 Nev. 3012, 321, 278 P.3d 501, 515 (2012) (noting that attorney fees are recoverable when authorized by contract and whether a contract authorizes a fee award is a question of law that is reviewed de novo). And although appellants also argue that the award was excessive based on the amount of work done and the unreasonableness of the hourly rates charged by respondents' attorneys and paralegals, the district court considered the necessary factors, including the quality of the advocacy and the favorable result obtained, in granting in part respondents' motion for attorney fees and awarding them $90,000 less than they requested. *Kahn v. Morse & Mowbray*, 121 Nev. 464, 479, 117 P.3d 227, 238 (2005) ("The decision to award attorney fees is within the sound discretion of the district court and will not be overturned absent a manifest abuse of discretion." (quotations omitted)); *Brunzell v. Golden Gate Nat'l Bank*, 85 Nev. 345, 349-50, 455 P.2d 31, 33 (1969). We perceive no abuse of discretion in that determination, and we affirm the district court's award of attorney fees.

As to the costs award, we agree with appellants that respondents failed to show that certain expenses were actually incurred in the litigation and thus should not have been included in the costs award. *Cadle Co. v. Woods & Erickson, LLP*, 131 Nev., Adv. Op. 15, 345 P.3d 1049, 1054 (2015) (holding that district courts are given "wide, but not unlimited, discretion to award costs to prevailing parties"); *see also* NRS 18.020 and NRS 18.050. In particular, the $12,633.79 awarded for in-

house litigation costs was based on respondents' estimate, arrived at by calculating 2.5% of invoiced attorney fees. "[P]arties may not simply estimate a reasonable amount of costs," but must show that the costs were actually incurred. *Cadle Co.*, 131 Nev., Adv. Op. 15, 345 P.3d at 1054; *see Gibellini v. Klindt*, 110 Nev. 1201, 1205-06, 885 P.2d 540, 543 (1994). As respondents failed to show that $12,633.79 was actually incurred as in-house litigation costs, we reverse the district court's award of these costs. For the same reason, we reverse the district court's award of $426 in "per diem" travel costs, as respondents did not show that they actually incurred the $426 in costs. *Cadle Co.*, 131 Nev., Adv. Op. 15, 345 P.3d at 1054. As the remainder of the costs were supported by a memorandum of costs and documentation showing they were actually incurred, we perceive no abuse of discretion in the district court's decision to award the remaining costs, and therefore affirm the remainder of the district court's costs award.

*Respondents' cross-appeal*

In their cross-appeal, respondents argue that the district court erred by rejecting their alternative arguments that they were entitled to attorney fees and costs as special damages or based on their offer of judgment. Respondents do not argue that they were entitled to fees beyond those awarded by the district court under the prevailing party provision of the reconveyance agreement. Respondents therefore lack standing to appeal as they prevailed on their request for fees and costs and were not aggrieved by the district court's order. NRAP 3A(a); *Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994). We therefore dismiss respondents' cross-appeal.

In sum, and consistent with the foregoing, we affirm the district court's summary judgments, affirm in part the attorney fees and

costs award and reverse in part to the extent that it included costs not supported by documentation showing that the costs were actually incurred, and dismiss the cross-appeal.

It is so ORDERED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:    Hon. Susan Scann, District Judge
Ara H. Shirinian, Settlement Judge
Howard & Howard Attorneys PLLC
Brownstein Hyatt Farber Schreck, LLP/Las Vegas
Eighth District Court Clerk