IN THE SUPREME COURT OF THE STATE OF NEVADA

TY ALBISU,
Appellant,
vs.
KIMBLE WILKINSON,
Respondent.

No. 82112 **FILED**

MAR 03 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a final judgment in a real property matter. Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

Respondent filed an action seeking, among other relief, a prescriptive easement to conduct cattle drives three times a year across appellant's property. Prior to the trial, appellant informed the court that respondent only owned a portion of his two ranches and asserted that the co-owners, Sue Wilkinson and the Wilkinson Article 5 Trust, should be joined as necessary parties, but they were not. Additionally, appellant's wife, Linda Albisu, obtained an ownership interest in appellant's land during the pendency of the action, but she was not joined either. While the necessary-party issue was not directly discussed at trial, in their written closing arguments both parties argued that there were necessary parties that needed to be joined, but no parties were joined before judgment was entered.

Appellant contends that the judgment is void because the necessary parties were not joined. We agree. NRCP 19 requires joinder of necessary parties and NRCP 19(a)(2) provides that "[i]f a person has not been joined as required, the court must order that the person be made a

22.06860

party." The issue of necessary parties can be raised for the first time on appeal, *Rose, LLC v. Treasure Island, LLC*, 135 Nev. 145, 151-52, 445 P.3d 860, 865-66 (Ct. App. 2019), but we review "a district court's interpretation of the Nevada Rules of Civil Procedure . . . de novo." *Humphries v. Eighth Judicial Dist. Court*, 129 Nev. 788, 792, 312 P.3d 484, 487 (2013). Because all three parties were owners of the subject properties, they were necessary parties.[1] *See Schwob v. Hemsath*, 98 Nev. 293, 294-95, 646 P.2d 1212, 1212-13 (1982) (recognizing that one who holds legal title to the property is an indispensable party to an action concerning ownership rights over the property); *Home Savers, Inc. v. United Sec. Co.*, 103 Nev. 357, 359, 741 P.2d 1355, 1357 (1987) (same); *Johnson v. Johnson*, 93 Nev. 655, 658, 572 P.2d 925, 926-27 (1977) (same); 25 Am. Jur. 2d, *Easements and Licenses in Real Property*, § 97 (2022) (explaining that necessary parties to an action to establish a prescriptive easement are those persons who have an interest in the property subject to the easement and would be affected if the easement is granted).

Because a failure to join necessary parties renders a judgment void, *Gladys Baker Olsen Family Trust v. Eighth Judicial Dist. Court*, 110 Nev. 548, 554, 874 P.2d 778, 782 (1994); *Guerin v. Guerin*, 114 Nev. 127, 132, 953 P.2d 716, 720 (1998), *abrogated on other grounds by Pengilly v. Rancho Santa Fe Homeowners Ass'n*, 116 Nev. 646, 648-50, 5 P.3d 569, 570-

---

[1]Because respondent conceded below that Sue Wilkinson and the Wilkinson Article 5 Trust were necessary parties that should have been joined, we need not consider his argument that joinder was unnecessary because the easement was an easement in gross, not an easement appurtenant. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal.").

71 (2000), we must vacate the district court's judgment. On remand, the district court is directed to join the necessary parties and provide them an opportunity to brief the issues. Nevertheless, because all three necessary parties were fully aware of the action and chose not to join, and because an exhaustive trial has already occurred at which at least one of the necessary parties was present, the district court need not hold a new trial or reopen evidence unless the necessary parties demonstrate a strong basis for doing so. Accordingly, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:  Hon. Michael Montero, District Judge
     Laurie A. Yott, Settlement Judge
     Tanner Law & Strategy Group, Ltd.
     Greenberg Traurig, LLP/Las Vegas
     Humboldt County Clerk